IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and d/b/a ROSEMONT MANOR,

    Plaintiff,

v.                                              Civil Action No. 5:09CV1
                                                          (STAMP)

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUFOUR,
JOHN YEAGER, DEWEY GUIDA,
TOM VIRTUE, BOB ARANGO
and BOB MRVOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS AND
SCHEDULING STATUS AND SCHEDULING CONFERENCE**

I. Procedural History

The plaintiff filed a pro se[1] complaint against the defendants relating to the revocation of a zoning permit issued by the City of Weirton to the plaintiff for the operation of a bed and breakfast facility. The defendants filed a motion to dismiss to which the plaintiff responded in opposition and the defendants replied. For the reasons set forth below, the defendants' motion to dismiss is denied.

II. Facts

Plaintiff Rosemary Susko ("Susko") is the sole officer and operator of Rosemont Manor, a lodging and meetings facility located

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (9th ed. 2009).

in Weirton, West Virginia.  The City of Weirton granted Susko a permit to operate the facility as a bed and breakfast and a wedding/reception facility.  Thereafter, however, City of Weirton officials learned that Susko was advertising Rosemont Manor on a website known as "OurHouseOnTheHill.com" for un-permitted, non-zoned sexually-oriented activities.  The City issued a notice of violation, but when Susko did not cease the activity outside of the zoning permit, her zoning permit was revoked.

Susko appealed the decision to the Board of Zoning Appeals, which upheld the revocation, and then to the Circuit Court of Hancock County, West Virginia.  The Circuit Court concurred in the decision of the Board of Zoning Appeals.  The Supreme Court of Appeals of West Virginia declined Susko's petition for appeal.

Now, Susko, as an individual and doing business as Rosemont Manor, brings suit in this Court pursuant to 42 U.S.C. § 1983, alleging that the defendants, acting under City zoning law, deprived her right to property secured by the Fourteenth Amendment, the right to free speech and association under the First Amendment, and the right to unburdened commerce secured by Article 1 of the United States Constitution.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true the factual allegations contained in the complaint. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d

139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is

3

granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

The defendants advance several arguments in support in support of their motion. First, they argue that the plaintiff's complaint is barred by the doctrine of res judicata and collateral estoppel because these exact claims were litigated in the state courts of West Virginia. Next, the defendants allege that this Court should abstain from hearing the current action because the dispute of land and zoning issues is one for a state court to decide. Third, the defendants argue that the plaintiff's claims against former City of Weirton attorney John Yeager, a named defendant in this case, is barred by the litigation privilege. Fourth, the defendants argue that they are entitled to qualified immunity as they were performing their duties in their official capacities. Finally, the defendants contend that the plaintiff's freedom of speech rights through her advertisement were not violated because the advertisement was for activities that she could not legally perform.

The plaintiff responds that the action currently before this Court raises issues, particularly those of due process of the Fourteenth Amendment, the Commerce Clause, free speech under the First Amendment, and § 1983 rights, that were not directly put

before or decided by either the Board of Zoning or the Circuit Court of Hancock County.

After a thorough review of the record, this Court must deny the defendants' motion to dismiss. As an initial matter, this Court discusses the documents that the parties have attached to their pleadings. A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). See Laughlin v. Metro., Washington Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998). However, all parties must be given notice when a court is treating a Rule 12(b)(6) motion as a motion for summary judgment. Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). Moreover, "[o]nce notified, a party must be afforded 'a reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted." Id. (quoting Johnson v. RAC Corp., 491 F.2d 510, 515 (4th Cir. 1974)).

In this action, the defendants have attached several documents to their pleadings, including, but not exclusively, an order from the Circuit Court of Hancock County and the plaintiff's petition for appeal to the Supreme Court of Appeals of West Virginia. Here, the plaintiff seems to be aware that matters outside the pleadings were submitted to the Court in connection with the motion to dismiss by the defendants because she, too, attached documents to her response. However, the motion was not styled in the

5

alternative as a motion for summary judgment, and the plaintiff, proceeding pro se, may not have been aware that the motion to dismiss could be converted to a motion for summary judgment. Additionally, less than a month after filing the motion to dismiss, the defendants filed a motion to stay the entering of a scheduling order until this Court's ruling on their motion to dismiss. Thus, there has been no "reasonable opportunity for discovery," as required by Gay. This Court therefore excludes from consideration the extrinsic documents submitted by the parties and declines to convert the motion to dismiss into a motion for summary judgment. Accordingly, the motion to dismiss will be considered under Rule 12(b)6) standard of review.

Nevertheless, dismissal of this action is not warranted at this time. As stated above, dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). At this time, construing the complaint in the light most favorable to the plaintiff, this Court cannot find that the plaintiff may not be entitled to relief in support of her claims.

Particularly, while the defendants go to great lengths presenting various defenses, the Court is not able to determine,

with certainty, that the doctrines of res judicata, collateral estoppel, abstention, and qualified immunity bar the plaintiff's claims in this case. For instance, it appears that the administrative proceeding and the plaintiff's appeal to the Circuit Court of Hancock County were ones of limited substantive and remedial scope. It is unclear to this Court whether the plaintiff introduced her constitutional claims to the Board of Zoning and the Circuit Court, or whether she could have raised such issues. Furthermore, it is not clear whether the plaintiff is suing the defendants in their official or personal capacities, an issue that could severely affect the qualified immunity analysis, and one that the defendants have not thoroughly addressed. For these reasons, this Court holds that further discovery is necessary in this case. Accordingly, the defendants' motion to dismiss is denied.

V. Conclusion

For the reasons stated above, the defendants' motion to dismiss is hereby DENIED. Additionally, in light of this holding, this Court finds that it would be beneficial to conduct a status and scheduling conference in this civil action. Accordingly, it is ORDERED that the parties appear for a status and scheduling conference on **January 5, 2010 at 10:00 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   December 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE