**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROSEMARY SUSKO, an individual and
d/b/a ROSEMONT MANOR,**

        **Plaintiff,**

**v.**                                      **Civ. Action No. 5:09-CV-1**

**CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUROUR,
JOHN YEAGER, DEWEY GUIDA,
TOM VIRTUE, BOB ARANGO
and BOB MRVOS,**

        **Defendant.**

## <u>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL</u>

On May 3, 2010, came the above named Plaintiff Rosemary Susko, in person, and the

above named Defendants, by April Wheeler, in person, for an evidentiary hearing and argument

on Defendants' Motion to Compel.[1]  Testimony was not taken, and no other evidence was

introduced.

## I.  <u>INTRODUCTION</u>

A.    <u>Background</u>

This action was initiated on January 7, 2009, by *pro se* Plaintiff, Rosemary Susko,

alleging that Defendants deprived Plaintiff of her Constitutional rights and improperly revoked

---

[1] Dkt. No. 41.

1

business and zoning permits.[2]  In her complaint, Plaintiff demands special, actual, and punitive damages.  The parties engaged in discovery, and the following dispute arose.

B.      The Motion

        1.      Defendants Motion to Compel[3]

C.      Decision

        1.      Because Plaintiff failed to comply with the discovery rules with regard to interrogatories, requests for admission, and requests for production of documents, the Motion to Compel must be **<u>GRANTED</u>**.  Plaintiff is to provide complete responses to all interrogatories, requests for admission, and requests for production of documents as directed in this Order within fourteen (14) days from the date of this Order.

## II.  FACTS

        1.      On January 21, 2010, Defendants served their First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents.[4]

        2.      On March 9, 2010, Plaintiff served her responses to Defendants' First Set of Discovery.[5]

        3.      On March 9, 2010, Defendants, through counsel, wrote to Plaintiff explaining the inadequacies of Plaintiff's responses to the discovery requests.[6]

---

[2] Dkt. No. 1.

[3] Dkt. No. 41.

[4] Dkt. No. 32.

[5] Dkt. No. 40.

[6] Dkt. No. 41, Exh. B.

4.      On March 22, 2010, Plaintiff wrote to Defense counsel in response to the letter dated March 9, 2010, again stating that the requested discovery is irrelevant.[1]

5.      On April 6, 2010, Defendants filed this Motion to Compel.[8]

6.      On April 19, 2010, Plaintiff filed a Response to Defendants' Motion to Compel.[9]

7.      On April 27, 2010, Defendants filed a Reply to Plaintiff's Response.[10]

## III.  DEFENDANTS' MOTION TO COMPEL

A.      <u>Contentions of the Parties</u>

Defendants argue that Plaintiff's responses to discovery requests were incomplete and unresponsive.  Defendant requests that this Court compel Plaintiff to fully comply with Defendants' discovery requests and cure the deficiencies.

Plaintiff argues that the discovery requests are irrelevant, overly broad, and unduly burdensome; are protected by attorney-client privilege and the work product doctrine; and are not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Plaintiff argues that Defendants did not comply with the good faith requirements to confer prior to bringing this Motion to Compel.

B.      <u>Discussion</u>

---

[1] Dkt. No. 41, Exh. C.

[8] Dkt. No. 41.

[9] Dkt. No. 45.

[10] Dkt. No. 52.

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[11] To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." "In responding to interrogatories, all parties are bound to provide 'true, explicit, responsive, complete and candid answers.'" Huthnance v. District of Columbia, 255 F.R.D. 285, 293 (D. D.C. 2008) (citing Chubb Integrated Sys. Ltd. v.

---

[11] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

<u>Nat'l Bank of Wash.</u>, 103 F.R.D. 52, 61 (D. D.C. 1984)).  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  <u>Momah v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).  "Moreover, generalized objections that discovery requests are vague . . . are not acceptable, and will be overruled."  <u>American Rock Salt Co., LLC v. Norfolk Southern Corp.</u>, 228 F.R.D. 426, 432 (W.D.N.Y. 2004).  "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories.  Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party.  The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable."  <u>Rogers v. Tri-State Materials Corp.</u>, 51 F.R.D. 234, 245 (N.D.W.V. 1970) (quoting 2A Barron & Holtzoff, Federal Practice and Procedure § 766 (1961)).

Parties may serve on each other requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1) (West 2010).  Parties may request the following items:

> any designated documents or electronically stored information - - including writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations - - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(a)(1)(A).  Requests must describe with "reasonable particularity" the item to be produced.  Fed. R. Civ. P. 34(b)(1).  Responses must either state the request is permitted or state an objection, stating the reasons for the objection.  Fed. R. Civ. P. 34(b)(2)(B).  Objections to only part of a request must indicate the part and permit inspection of the rest.  Fed. R. Civ. P. 34(b)(2)(C).  Objections cannot be conclusory but must contain an explanation as to why the request is objectionable.  Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 530-31 (S.D.W.V. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with rule, which required specific objections).

Federal Rule of Civil Procedure 36 governs Requests for Admissions.  Parties "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1) (West 2010).  "[T]he requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification."  Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).  "If an answer is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit it or deny it."  Fed. R. Civ. P. 36(a)(4).  Objections must be stated with specificity.  Fed. R. Civ. P. 36(a)(5).  If the responding party chooses to object, he or she must "'set forth in detail the reasons why the answering party cannot truthfully

admit or deny the matter.'" <u>Henry</u>, 212 F.R.D. at 78 (quoting <u>Herrera v. Scully</u>, 143 F.R.D. 545,

548 (S.D.N.Y. 1992).  "If the objection is only to a portion of the request, the responding party is

required to unambiguously answer that portion of the request to which the objection does apply."

<u>Id</u>.  Requesting parties may move to determine the sufficiency of an answer or objection.  Fed. R.

Civ. P. 36(a)(6).  If the court finds the answer unjustified, it must order than an answer be

served.  <u>Id</u>.

A party may move for an order to compel discovery or disclosure from an opposing

party.  Fed. R. Civ. P. 37(a).  Federal Rule 37(a)(1) requires that when a party files a motion to

compel, he must include in his motion "a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery

in an effort to obtain it without court action."  Furthermore, the Local Rules mandate that

"[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to

meet in person or by telephone to narrow the areas of disagreement to the greatest possible

extent.  It shall be the responsibility for the moving party to arrange for the meeting."  LR Civ P

26.04(b).  The failure to follow the requirement to confer, or attempt to confer, is grounds for the

court to deny the motion to compel.  <u>See</u> <u>Ambu, Inc. v. Kohlbrat & Bunz Corp.</u>, 2000 WL

17181, at 2 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing

counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason

to deny the motion."); <u>Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.</u>, 173 F.R.D. 651, 656 n. 13

(D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery]

dispute before filing the motion [to compel].").  Parties seeking discovery may move for an order

compelling a response to interrogatories submitted under Rule 33 and requests for inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Plaintiff contends that Defendants did not comply with the good faith requirement under the Local Rules before filing their Motion to Compel. The Court must disagree with Plaintiff's contentions. In <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 197 (N.D. W.V. 2000), our district court held that, under the totality of circumstances, a letter to opposing counsel detailing the inadequacy of responses was a sufficient good faith effort. Using the totality of circumstances test, the Court finds that Defendants did comply with the good faith requirements prior to filing the motion to compel. Defendants stated in their motion, "[p]ursuant to Local Rule of Civil Procedure 37.02, the defendants attempted to confer with the plaintiff through written correspondence to resolve the discovery dispute." Upon receiving Plaintiff's responses, Defendants, through counsel, promptly wrote a letter to Plaintiff explaining that the answers were not responsive and the objections were unfounded.[12] Further, Defendants, through counsel, sent a second letter to counsel dated March 12, 2010, asking Plaintiff to send discovery responses via mail.[13] Plaintiff failed to respond to either letter until March 22, 2010, again reiterating her position that the information requested was not relevant.[14]

Defendants engaged in a good faith effort. Accordingly, the Court will address each of Defendants' discovery requests individually in the order they appear.

> <u>Interrogatory No. 1</u>: Please list all overnight and/or weekend exclusive rentals, the date of each overnight and/or weekend exclusive rental, the sponsor and/or

---

[12] Dkt. No. 41, Exh. B.

[13] Dkt. No. 45, Exh. A.

[14] Dkt. No. 41, Exh. C.

organization and contact name, address, and phone number. Please list activities supplied, including but not limited to meals provided, music, equipment, and all other items. **Please produce** any and all documents that support your answers including but not limited to contracts, copies of checks, receipts, and all other documentation.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff is asserting money damages related to the inability to rent the property.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 1 within fourteen (14) days from the date of this Order.

Interrogatory No. 2: Please identify by date all occasions where the property was rented by a group, association, or other organization. Separately, please identify the group, association, or organization, all activities supplied, including but not limited to meals provided, music, and decorations. **Please produce** any and all documents that support your answer including but not limited to contracts, copies of checks, receipts, and all other documentation.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 2 within fourteen (14) days from the date of this Order.

Interrogatory No.3: Please identify when the "Ravens Leather Ball" and all other "Leather Balls" or Leather activities took place at the subject premises. Please list the date, sponsor, organizer, and amount paid to you for the "Ravens Leather

Ball" and each and every other "Leather Ball" or Leather activities which has occurred on the subject premises. **Please produce** any and all documentation that support your answer to this interrogatory.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also instructed Defendants to reference the Complaint at Paragraph 37.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 3 within fourteen (14) days from the date of this Order.

<u>Interrogatory No. 4</u>: When was the "Our House on the Hill website" and the "Rosemont Manor website" created? Please list each person by name, address, and telephone number who helped develop or design each website and META data used on each website for the subject property. Please identify all names you have used on any and all websites including any and all websites where you have solicited business for the subject premises, advertised the subject premises, or offered the use of the subject premises. **Please produce** all documents that confirm or corroborate this response.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also instructed Defendants to reference the Complaint at Paragraph 22.

Defendants argue that the information is relevant because Plaintiff asserts that her freedom of speech rights have been violated pertaining to the website.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 4 within fourteen (14) days from the date of this Order.

> Interrogatory No.5: Please identify any and all other website(s) owned, sponsored, or advertised on, including personal/non-business websites that can lead to access to Our House on the Hill/Rosemont Manor websites. **Please produce** all documents that confirm or corroborate this response.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff indicated in her Complaint that the property was used for many activities other than as a bed and breakfast and wedding/reception center without incident.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 5 within fourteen (14) days from the date of this Order.

> Interrogatory No. 6: Please list all events that included or could have included nudity (as that term is defined herein on Page 3) at the subject property. For each such event, separately identify who rented the facility, then sponsors and organizers of the event and the names, address, and telephone numbers of all those who were in any way involved in each such events, including sponsors, organizers, participants, and vendors. **Please produce** any and all documents that support your answer, including, but not limited to contracts, copies of checks, receipts, identity of participants, photographs, and marketing documents.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also answered that all rented private accommodations could include nudity and instructed Defendants to reference the Complaint at Paragraph 38.

Defendant argues that the information is relevant because Plaintiff indicated in her Complaint that the property was used for many activities other than as a bed and breakfast and wedding/reception center without incident.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 6 within fourteen (14) days from the date of this Order.

> <u>Interrogatory No. 7</u>: Please list by date, sponsor, organizer, and amount paid for each and every "alternative lifestyle" rental, as you used this term at the Weirton zoning Board of Appeals Meeting. For each such "alternative lifestyle" rental event, **please provide** any and all documentation to support your answer, including but not limited to contracts, copies of checks, identity of participants, marketing activities, photographs and receipts.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff indicated in her Complaint that the property was used for many activities other than as a bed and breakfast and wedding/reception center without incident.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 7 within fourteen (14) days from the date of this Order.

> <u>Interrogatory No. 8</u>: Please list, by date each and every event, school, social activity, dance, meet and greet, business activity, and meeting you have organized, hosted, or sponsored at the subject premises, including the theme and subject matter of each event or occurrence. **Please produce** any and all documentation to support your answer to this Interrogatory, including but not

limited to contracts, copies of checks, identity of participants, marketing activities, photographs, and receipts.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff indicated in her Complaint that the property was used for many activities other than as a bed and breakfast and wedding/reception center without incident.

Plaintiff objected on the basis of irrelevance, which is not a valid objection.  Momah, 164 F.R.D. at 417.  Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 8 within fourteen (14) days from the date of this Order.

Interrogatory No. 9: Please explain what is meant by "sponsor a lady" for REAL CFMN party.  Please include activities which are sponsored, paid for and what duties/obligations are expected from the "sponsored lady."  Please list date of each REAL CFMN party that include a "sponsored lady" and the identity, by name, address, and telephone number of each person who sponsored each such lady/ladies.  **Please produce** any and all documentation to support your answer to this Interrogatory, including but not limited to contracts, copies of checks, identity of participants, marketing activities, photographs, and receipts.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff indicated in her Complaint that the property was used for many activities other than as a bed and breakfast and wedding/reception center without incident.

Plaintiff objected on the basis of irrelevance, which is not a valid objection.  Momah, 164 F.R.D. at 417.  Additionally, the information is relevant under the broad discovery standards.

Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 9 within fourteen (14) days from the date of this Order.

> Interrogatory No. 10: Identify, by name and address, all employees whom you had working for you at anytime at the premises and set forth what each employee's responsibility was at the subject premises (i.e., maid, laborer, cashier). **Please produce** all employment records and any and all other documentation to support your answer to this Interrogatory.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 10 within fourteen (14) days from the date of this Order.

> Interrogatory No. 11: Please indicate what each and every acronym on "Our House on the Hill" website stand[s] for. For example, please indicate what is meant by the acronyms CFNM, REAL, BSMD, and all other acronyms. A copy of the website is attached.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also instructed Defendants to see page four of Defendants' Response to Plaintiff's Petition for Appeal to the West Virginia Supreme Court.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Further, the fact that information is available to Defendants is an improper objection. Rogers, 51 F.R.D. at 245. Answers referring a party to another document, generally, are also improper. Equal Rights Center v. Post Properties, Inc., 246 F.R.D. 29, 35 (D.D.C. 2007). Therefore,

Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory

No. 11 within fourteen (14) days from the date of this Order.

> Interrogatory No. 12: Please state in detail all items of damage plaintiff claims to
> have suffered as a result of the actions of the defendants, identifying with
> specificity and providing detail for each such damage or expense claimed. **Please
> produce** all documents, bills, receipts, and other tangible things that are related to
> all items of expense or damage plaintiff claims to have suffered as a result of the
> incidents alleged in the Complaint.

In response, Plaintiff instructed Defendants to see the bankruptcy information already in

Defendants' possession.

Plaintiff's objection, on the basis of Defendants' possession, is not a valid basis for

objecting. Rogers, 51 F.R.D. at 245. Therefore, Plaintiff is to provide a complete and detailed

response to the questions asked in Interrogatory No. 12 within fourteen (14) days from the date

of this Order.

> Interrogatory No. 13: State the name and address of each person whom you
> expect to call as an expert witness at the trial of this matter. In addition, please
> state the following:
> (A)     The subject matter upon which the expert is expected to testify;
> (B)     The substance of the facts and opinions to which each expert is expected
>         to testify;
> (C)     A summary of the grounds for each opinion;
> (D)     Attach to your Answers and Responses or produce at the time and place
>         previously designated all records or any other reports authored and/or
>         recorded by any expert in your Answer to this Interrogatory; and
> (E)     Attach a copy of said expert's *curriculum vitae*.
> **Please produce** a copy of all reports and other documents generated by each
> expert in this case.

Plaintiff objected to the interrogatory on the basis that the information requested is

protected from disclosure by the attorney-client privilege, work product doctrine and mental

impressions of counsel. Without waiving, Plaintiff agreed to produce, pursuant to Rule 26

(a)(2)(C), reports for expert(s) retained to testify at trial once any expert is selected.

Defendant argues that Plaintiff's objections are inappropriate because the information regarding expert witnesses is discoverable pursuant to Fed. R. Civ. P. 26.

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The "disclosure must be accompanied by a written report - prepared and signed by the witness" including the witness's opinion and reasons for and information used to form the opinion, any exhibits to be used in support, the witness's qualifications, a list of cases in which the witness testified as a witness, and a statement of compensation. Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff objected on the basis of privilege, which is not a valid objection under Fed. R. Civ. P. 26. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No.13 within fourteen (14) days from the date of this Order.

> Interrogatory No. 14: Please identify by date, subject matter, sponsor, and amount paid/or each and every time the subject premises was rented for the purpose identified in your definitions of the acronyms used on your website. **Please produce** all documents that support your answer to this Interrogatory including but not limited to contracts, copies of checks, identity of participants, marketing activities, photographs, and receipts.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant argues that the information is relevant because Plaintiff asserted lost revenue as a result of the actions of Defendants in her Complaint.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards.

Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 14 within fourteen (14) days from the date of this Order.

> Interrogatory No. 15: Was any zoning licensing agreement and/or application between you and the defendant in any way modified or changed: If so, please state:
> A.      Whether the modification was written or oral;
> B.      The nature of all modifications or changes made;
> C.      The date each modification or change was agreed upon;
> D.      The name and addresses of all persons present when each modification or change was agreed upon.
> **Please produce** any documents, or any other things which would tend to support your answer to this Interrogatory.

Plaintiff objected to the Interrogatory stating it is vague and ambiguous. Plaintiff also instructed Defendants to view the Complaint at Paragraphs 17 and 19. Additionally, Plaintiff asserted that the documents were given to city officials at various meetings held prior to the issuance of the zoning permit.

Plaintiff's objection that the Interrogatory is vague and ambiguous is not a proper objection. American Rock Salt Co., LLC, 228 F.R.D. at 432. Additionally, Plaintiff's assertion that Defendants are in possession of the information is an improper objection. Rogers, 51 F.R.D. at 245. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No.15 within fourteen (14) days from the date of this Order.

> Interrogatory No. 16: If you contend that the defendant failed to comply with any terms of any law, city ordinance, unified development ordinance, State Code, zoning ordinance, business licensing ordinance, or other code, law, or ordinance, state the exact section or language of the document upon which you base your contention, and describe in complete and specific detail how the defendant allegedly failed to comply with the code, ordinance, or law. **Please produce** any documents, reports, photographs, or any other things which would tend to support your answer to this Interrogatory.

Plaintiff objected to the Interrogatory stating that the information requested is protected from disclosure by the attorney-client privilege, work product doctrine, and mental impressions of counsel. Additionally, Plaintiff instructed Defendants to see Complaint at Paragraphs 44 to 52.

Federal Rule 26(b)(5) provides that when a party withholds otherwise discoverable information claiming that the information is protected under privilege or work product doctrine, the party must expressly state that the information is protected and describe the nature of the information, without revealing the information itself, to allow other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A). "The Local Rules require more specific information to be disclosed." Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at 8 (N.D.W.Va. 2007). "Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court." LR Civ P. 26.04(a)(2)(C). The party asserting the privilege shall, in the objection, identify the nature of the privilege and identify the type of document; general subject matter of the document; date of the document; and "other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate," the author, the addressees and other known recipients, and the relationship of the author, addressees, and other recipients. LR Civ P 26.04(a)(2)(A). Plaintiff did not provide such a privilege log; therefore, Plaintiff's objection is improper.

Accordingly, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No.16 within fourteen (14) days from the date of this Order.

> **Interrogatory No. 17**: If you contend that the defendants have caused the plaintiff
> to suffer a loss of revenue and/or income, please state:
> A.    The nature of the goods, services, and other revenue losses that would be
>       supplied;
> B.    The date, time, and place where the goods, services, and other revenue
>       losses were to be delivered;
> C.    The cost of the goods, services, and other revenue losses that were to be
>       delivered;
> D.    The amount of goods, services that you claim you did not receive payment
>       for;
> E.    Identify all invoices, contracts, or other documents that describe in any
>       manner the goods or services delivered and the amounts of such invoices,
>       contracts or other documents the plaintiff was in expectation of.
> **Please produce** all documents that support your answer to this Interrogatory.

In her response, Plaintiff instructed Defendants to "[s]ee answer to No. 15."

Plaintiff's response to Interrogatory No. 15 was improper; therefore, this response is also

improper.  Accordingly, Plaintiff is to provide a complete and detailed response to the questions

asked in Interrogatory No.17 within fourteen (14) days from the date of this Order.

> **Interrogatory No. 18**: Please identify every witness to you or to your attorneys to
> have any knowledge regarding the facts and/or circumstances surround [sic] the
> subject matter of the plaintiff's Complaint or acts referred to in the plaintiff's
> Complaint, including but not limited to, any eye-witness to such event, as well as
> any other persons having any knowledge thereto and specifically including all
> those persons who were present at the scene of such event.  Please specify in
> detail the substance of the information you believe each such witness possesses.

Plaintiff objected to the Interrogatory on three grounds.  First, Plaintiff objected stating it

is vague and ambiguous.  Second, Plaintiff objected to the Interrogatory stating that it is

irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible

evidence.  Finally, Plaintiff objected stating that the information is protected by work product

doctrine and mental impressions of counsel.

Plaintiff's objection that the Interrogatory is vague and ambiguous is not a proper

objection.  American Rock Salt Co., LLC, 228 F.R.D. at 432.  Plaintiff objected on the basis of

irrelevance, which is also not a valid objection.  <u>Momah</u>, 164 F.R.D. at 417.  Additionally, the information is relevant under the broad discovery standards.  Finally, Plaintiff's objection that the information is protected by the work product doctrine is improper because Plaintiff did not provide a privilege log.  <u>See</u>, Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 26(b)(5)(A); <u>Twigg</u>, 2007 WL 676208; LR Civ P. 26.04(a)(2)(C); and LR Civ P 26.04(a)(2)(A).

Accordingly, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 18 within fourteen (14) days from the date of this Order.

> <u>Interrogatory No. 19</u>: Please identify by name, address, and telephone number the identity of all individuals you plan to call as witnesses at the trial of this matter. For each such individual, please provide a short summary of the subject matter of the anticipated testimony.  **Please produce** any and all statements of each such individual in the possession of the plaintiff or her counsel.

In his response, Plaintiff states that she has yet to decide what individuals will be called as witnesses at trial.

In addition to initial and expert disclosures, parties must provide to other parties "the name and, if not previously provided, the address and telephone number of each witness - separately identifying those the party expects to present and those it may call if the need arises . . . ."  Fed. R. Civ. P. 26(a)(3)(A)(i) (West 2010).  Also under Rule 26, parties who responded to discovery requests have a duty to supplement their responses when information becomes available.  Fed. R. Civ. P. 26(e) (West 2010).  In her response, Plaintiff indicated that she has yet to identify witnesses for trial.  However, the Rule specifies that parties must disclose names of witnesses who may be called "if the need arises."  Therefore, Plaintiff is to provide to Defendants the name of any possible witness.

Accordingly, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 19 within fourteen (14) days from the date of this Order.

> Interrogatory No. 20: If the plaintiff, defendants, or any other party or witnesses have made any statement, in any form, to any person concerning any of the events or happenings referred to in plaintiff's Complaint, please identify by name, address, and telephone number each person to whom such statement was made, the person in possession of such statement, the date such statement was made and the form of the statement, whether written, oral, or other recording device or to a stenographer or recorded in any other manner. **Please produce** a copy of any and all statements previously made by either plaintiff or any other individual with knowledge of the subject incident as referred to in the above Interrogatory.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 20 within fourteen (14) days from the date of this Order.

> Interrogatory No. 21: Identify, by name and address, all subcontractors or independent contractors whom you have contracted to work with/for you at the subject premises and set forth what each subcontractors/independent contractors' responsibility was on the subject addition. **Please produce** a copy of all items identified in your Answer to this Interrogatory, including all contracts, receipts, and marketing documents.

Plaintiff objected to the Interrogatory stating that it is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 21 within fourteen (14) days from the date of this Order.

Interrogatory No. 22: For each time the plaintiff pled guilty to or was convicted of any crime in this or any other jurisdiction including traffic violations, please state the nature of the offense, the date of the offense, the county and state in which you were tried or pled guilty, the term and number assigned to your case, the sentence, if any, given to you.

Plaintiff objected to the Interrogatory stating that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 22 within fourteen (14) days from the date of this Order.

Interrogatory No. 23: If the plaintiff, Rosemary Susko, has been a party to any other lawsuit and/or claim, please identify each such lawsuit and/or claim by stating when and where such lawsuit and/or claim was brought, the nature of each such lawsuit, the disposition of it, the names, addresses, and telephone numbers of all attorneys who have represented you in each such lawsuit, and the status of each such lawsuit. **Please produce** all documents and tangible items which support your answer to this Interrogatory, including but not limited to, the pleadings in each action, settlement agreements, Dismissal Orders, Releases from suit, jury decisions, depositions of you, reports, Interrogatories posed to you and your Answers to the same.

Plaintiff objected to the Interrogatory stating that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objected on the basis of irrelevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete and detailed response to the questions asked in Interrogatory No. 23 within fourteen (14) days from the date of this Order.

Interrogatory No. 24: If any of your responses to the Request for Admissions is denied, state in detail and specificity, your reasons for each denial. **Please**

> **produce** a copy of all documents and other tangible things which support plaintiff's response to this Interrogatory.

Plaintiff objected to the Interrogatory stating that it calls for information protected from disclosure by the mental impressions of counsel and the Interrogatory exceeds the scope of Rule 36(a)(4).

Plaintiff's objection that the information is protected by the work product doctrine is improper because Plaintiff did not provide a privilege log.  See, Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 26(b)(5)(A); Twigg, 2007 WL 676208; LR Civ P. 26.04(a)(2)(C); and LR Civ P 26.04(a)(2)(A).  However, Plaintiff is correct in her assertion that the Interrogatory exceeds the scope of Rule 36(a)(4).  Matters not admitted must be denied or objected to by stating in detail why the request cannot be answered.  Fed. R. Civ. P. 36(a)(4).  Responding parties have no obligation to produce documents supporting a denial.  Further, this Interrogatory exceeds the scope of Rule 34(b)(1).  Parties requesting production of documents must "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  If Defendants wish for production of documents, they may make an additional request in compliance with the mandates of Rule 34.

Accordingly, Plaintiff need not produce the documents supporting any denial.

> Request for Admission No. 7: Admit that you raised your first amendment and due process issues and other constitutional issues before the Hancock County Circuit Court of Hancock County, West Virginia.

Plaintiff neither admitted nor denied but objected to the Request "given the unclear meaning of the word 'raised.'"

"Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct.  They should focus on the goal of the Rules, full and efficient

discovery, not evasion and word play." <u>Marchand v. Mercy Medical Center</u>, 22 F.3d 933, 936 (9th Cir. 1994). Courts should not permit responding parties "to undermine the efficacy of the rule by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." <u>Xeel Energy, Inc. V. U.S.</u>, 237 F.R.D. 416, 421 (D. Minn. 2006). In <u>Marchland</u>, defendants objected to plaintiff's request for admission asserting that "the use of the phrase 'avoidable movement' is vague and undefined." <u>Marchland</u>, 22 F.3d at 938. Though the opinion discussed sanctions after the matters were proven at trial, the Court found that the objections were improper because defendant relied "on unfounded objections to the wording," finding that "if [a] party unable to agree with exact wording of request for admission, it should agree to an alternate wording or stipulation." <u>Id</u>. (<u>see</u>, <u>Milgram Food Stores, Inc. V. United States</u>, 558 F.Supp. 629, 636 (W.D.Mo. 1983)).

Here, Plaintiff objected to the Request on an equally unfound objection to the word "raised." Clearly, from reading the entire Request, Defendants are asking Plaintiff to admit whether she informed the Hancock County Circuit Court of her First Amendment and due process arguments. Plaintiff's objection to the use of the word "raised" is unfounded. Therefore, Plaintiff is to provide a complete response to the Request for Admission No. 7 within ten (10) days from the date of this Order

> Request for Production No. 1: **Please produce** all documents and other tangible things identified in your answers to the foregoing Interrogatories which have no already been produced.

In addition to producing a letter dated May 28, 2004, and hours of operations documents, Plaintiff stated that additional damages documents will be supplied.

Parties responding to a request for production "must supplement or correct its disclosure or response" in a timely manner upon learning that disclosure is incomplete or as ordered by the court. Fed. R. Civ. P. 26(e)(1). Plaintiff indicated in her response that additional documents regarding damages will be supplied. However, Plaintiff has yet to provide any additional documents. Pursuant to Rule 26(e)(1), Plaintiff is to provide a complete response to the Request for Production No. 1 within fourteen (14) days from the date of this Order.

> Request for Production No. 2: **Please produce** any and all documents relating to your zoning applications and permits for the subject premises.

Plaintiff objected to the Request stating it is unduly burdensome because the information is already in Defendants' possession.

Plaintiff's objection on the basis of unduly burdensome is improper. <u>Frontier-Kemper Constructors, Inc.</u>, 246 F.R.D. at 530-31. Therefore, Plaintiff is to provide a complete response to the Request for Production No. 2 within fourteen (14) days from the date of this Order.

> Request for Production No. 3: **Please produce** all documents, graphs, maps, photographs, charts or diagrams you plan to introduce in the trial of this action and please give a description of each or a summarization of the contents of each.

In her response, Plaintiff stated that she has not yet decided what aids will be introduced at trial.

In addition to initial and expert disclosures, parties must provide to other parties "an identification of each document or other exhibit, including summaries of other evidence - separately identifying those items the party expects to offer and those it may offer if the need arises . . . ." Fed. R. Civ. P. 26(a)(3)(A)(iii) (West 2010). Also under Rule 26, parties who responded to discovery requests have a duty to supplement their responses when information

becomes available.  Fed. R. Civ. P. 26(e) (West 2010).  In her response, Plaintiff indicated that

she has yet to identify the visual aids for trial.  However, the Rule specifies that parties must

disclose documents and other exhibits "the party expects to offer and those it may offer if the

need arises."  Therefore, Plaintiff is to provide to Defendants the information.

    Accordingly, Plaintiff is to provide a complete response to the Request for Production

No. 3 within fourteen (14) days from the date of this Order.

> Request for Production No. 4: **Please produce** any and all documents, graphs,
> maps, photographs, charts or diagrams which in any way may be relevant or
> material to this case which you do not intend to introduce at the trial of this action
> which you are aware of.  If so, please give a description of each or a
> summarization of the contents of each.

    Plaintiff objected to the Request stating that the Request is overly broad and unduly

burdensome and seeks documents protected by the attorney-client privilege and/or work product

doctrine.

    Plaintiff's objection that the Request is overly broad and unduly burdensome is improper.

Frontier-Kemper Constructors, Inc., 246 F.R.D. at 530-31.  Additionally, Plaintiff's objection

that the information is protected by attorney-client privilege and the work product doctrine is

improper because Plaintiff did not provide a privilege log.  See, Fed. R. Civ. P. 26(b)(5); Fed. R.

Civ. P. 26(b)(5)(A); Twigg, 2007 WL 676208; LR Civ P. 26.04(a)(2)(C); and LR Civ P

26.04(a)(2)(A). Therefore, Plaintiff is to provide a complete response to the Request for

Production No. 4 within fourteen (14) days from the date of this Order.

> Request for Production No. 5: **Please produce** all documents and/or agreements
> in your possession which you entered into with any customer.

    Plaintiff objected to the Request stating that the Request is irrelevant, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's objection that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence is improper. Frontier-Kemper Constructors, Inc., 246 F.R.D. at 530-31. Therefore, Plaintiff is to provide a complete response to the Request for Production No. 5 within fourteen (14) days from the date of this Order.

> Request for Production No. 6: **Please produce** all photographs or videos of the subject premises and any and all events held there.

Plaintiff objected to the Request stating that the Request is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's objection that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence is improper. Frontier-Kemper Constructors, Inc., 246 F.R.D. at 530-31. Therefore, Plaintiff is to provide a complete response to the Request for Production No. 6 within fourteen (14) days from the date of this Order.

> Request for Production No. 7: **Please produce** any and all time sheets and payroll records for all employees and others who performed or worked at the subject premises.

Plaintiff objected to the Request stating that the Request is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's objection that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence is improper. Frontier-Kemper Constructors, Inc., 246 F.R.D. at 530-31. Therefore, Plaintiff is to provide a complete response to the Request for Production No. 7 within fourteen (14) days from the date of this Order.

> Request for Production No. 8: **Please produce** all order forms and invoices for all purchases for the subject premises, including food orders/receipts, cleaning materials, bed and bath furnishings, any and all other furnishings, and any personal property and items purchased for guests or events.

Plaintiff objected to the Request stating that the Request is irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's objection that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence is improper. Frontier-Kemper Constructors, Inc., 246 F.R.D. at 530-31. Therefore, Plaintiff is to provide a complete response to the Request for Production No. 8 within fourteen (14) days from the date of this Order.

C.      Decision

Because Plaintiff failed to comply with the discovery rules with regard to interrogatories, requests for admission, and requests for production of documents, the Motion to Compel must be **<u>GRANTED</u>**. Plaintiff is to provide complete responses to all interrogatories, requests for admission, and requests for production of documents as instructed in this Order within ten (10) days from the date of this Order.


Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set

forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: May 7, 2010

/s/ *James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE