IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and d/b/a ROSEMONT MANOR,

    Plaintiff,

v.                                                      Civil Action No. 5:09CV1
                                                            (STAMP)
CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUFOUR,
JOHN YEAGER, DEWEY GUIDA,
TOM VIRTUE, BOB ARANGO
and BOB MRVOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE SEIBERT'S ORDER GRANTING
DEFENDANTS' MOTION TO COMPEL**

I.   Background

Discovery in this civil action commenced on January 7, 2010, with the entry of a scheduling order outlining the discovery process. Since the entry of that order, a discovery dispute has arisen between the parties. This dispute involves the plaintiff's alleged failure to comply with the discovery rules with regard to interrogatories, requests for admission, and requests for production of documents. The defendants filed a motion to compel these discovery responses on April 6, 2010, to which the plaintiff responded, and the defendants replied.

Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert. An evidentiary hearing and argument was held before the magistrate

judge regarding the defendants' motion to compel. Magistrate Judge Seibert issued an order granting the defendants' motion to compel and directing the plaintiff to respond to the defendants' discovery requests within ten days from the date of his order.

The plaintiff filed objections to the order of the magistrate judge. The defendants filed a response, and the plaintiff replied. For the reasons set forth below, this Court denies the plaintiff's objections to Magistrate Judge Seibert's May 7, 2010 order granting the defendants' motion to compel.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

## III. Discussion

This Court has reviewed the magistrate judge's order granting the motion to compel, as well as the plaintiff's objections to that

order, the defendants' response, and the plaintiff's reply, and finds that the magistrate judge's order is neither clearly erroneous nor contrary to the law. Accordingly, the ruling of the magistrate judge is affirmed and adopted in its entirety.

The plaintiff raises several arguments in her objections to the magistrate judge's order. First, the plaintiff argues that the defendants' motion to compel is contrary to Local Rule of Civil Procedure 26.04(b) because the defendants' counsel did not call the plaintiff on the phone or track her down in person. Second, the plaintiff argues that the magistrate judge ignores the plaintiff's contention that the discovery requests request information that is not reasonably calculated to lead to the discovery of admissible evidence. Third, the plaintiff argues that the magistrate judge's order expects the plaintiff to reveal her mental impressions in a privilege log. Fourth, the magistrate judge incorrectly explained that the word "raised" used in the defendants' request for admission is interpreted to mean "informed," the plaintiff argues. Finally, the plaintiff contends that the magistrate judge ignored that Defendants' Interrogatory No. 5 was overly broad.

This Court discusses each of these arguments in turn. The plaintiff's first argument is without merit. The defendants' counsel wrote to the plaintiff on or about March 9, 2010, concerning the discovery dispute, attempting to resolve it. Thus, this Court agrees with the magistrate judge that the defendants engaged in a good faith effort to comply with both the Federal

Rules and Local Rules of Civil Procedure. See Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193 (N.D. W. Va. 2000) (finding that a letter to the opposing party concerning the inadequacy of responses was a sufficient good faith effort to comply with the Rules).

The plaintiff's argument that the magistrate judge's order ignores the plaintiff's contention that the information is not reasonably calculated to lead to admissible evidence is similarly meritless. Throughout the order, the magistrate judge continuously states that the plaintiff objected to several interrogatories on the basis of irrelevance, and that these were not valid objections.

Next, the plaintiff's argument that she cannot provide an answer to Defendants' Interrogatory No. 16 without placing her mental thoughts on a privilege log cannot be sustained. Defendants' Interrogatory No. 16 states the following:

> If you contend that the defendant failed to comply with any terms of any law, city ordinance, unified development ordinance, State Code, zoning ordinance, business licensing ordinance, or other code, law, or ordinance, state the exact section or language of the document upon which you base your contention, and describe in complete and specific detail how the defendant allegedly failed to comply with the code, ordinance or law. **Please produce** any documents, reports, photographs, or any other things which would tend to support your answer to this Interrogatory.

(Defs.' Interrog. No. 16.) The plaintiff contends that the answer to this interrogatory is protected by the attorney-client privilege, work product doctrine, and the mental impressions of counsel. The plaintiff, however, never supplied a privilege log to

4

allow the magistrate judge to assess the privilege claims, as required by Federal Rule of Civil Procedure 26(b)(5) and Local Rule of Civil Procedure 26.04(a)(2)(C). The plaintiff's objection, therefore, is improper.

This Court finds that the plaintiff's fourth objection, that the magistrate judge's order regarding Defendants' Request for Admission No. 7 is in error, is also without merit. Defendants' Request for Admission No. 7 indicates:

> Admit that you raised your first amendment and due process issues and other constitutional issues before the Hancock County Circuit Court of Hancock County, West Virginia.

(Defs.' Req. for Admis. No. 7.) The plaintiff states that she is without a clear understanding of the term "raised," and therefore, does not want to answer the request for admission. The magistrate judge correctly held, however, that "if [a] party [is] unable to agree with exact wording of request for admission, it should agree to an alternate wording or stipulation." Milgram Food Stores, Inc. v. United States, 558 F. Supp. 629, 636 (W.D. Mo. 1983). That the plaintiff's answer may be detrimental to her case is not reason to overturn the magistrate judge's opinion.

Finally, the Court holds that while the magistrate judge did not specifically explain why he held that Defendants' Interrogatory No. 5 was not overly broad, his final opinion that it was not overly broad is not clearly erroneous. Defendants' Interrogatory No. 5 states:

> Please identify any and all other website(s) owned,

5

sponsored, advertised on, including personal/non-business
websites that can lead to access to OurHouseOnTheHill/
Rosemont Manor websites.  Please produce all documents
that confirm or corroborate this response.

(Defs.' Interrog. No. 5.)  As the defendants indicate, they have requested the plaintiff to provide information pertaining to her own websites and her advertising and sponsorship practices.  The interrogatory is not overly broad.

## IV. Conclusion

For the above-stated reasons, the plaintiff's objections to the magistrate judge's order granting the defendants' motion to compel are OVERRULED, and the order of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  The plaintiff is thus ORDERED to provide complete responses to all interrogatories, requests for admission, and requests for production of documents as instructed in the magistrate judge's May 7, 2010 order within ten days from the date of this memorandum opinion and order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    June 21, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE