IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and d/b/a ROSEMONT MANOR,

    Plaintiff,

v.                                   Civil Action No. 5:09CV1
                                            (STAMP)

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUFOUR,
JOHN YEAGER, DEWEY GUIDA,
TOM VIRTUE, BOB ARANGO
and BOB MRVOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR
SUBSTITUTION OF PARTY AS MOOT AND GRANTING
PLAINTIFF'S AMENDED MOTION FOR SUBSTITUTION OF PARTY**

I.    Background

    The plaintiff filed a pro se[1] complaint against the defendants relating to the revocation of a zoning permit issued by the City of Weirton to the plaintiff for the operation of a bed and breakfast facility. On January 14, 2010, the defendants filed a suggestion of death upon the record regarding the death of John Yeager. The suggestion of death was served on the plaintiff that same day. On April 12, 2010, the plaintiff filed a motion for substitution of party, naming Ethel Yeager, the Executrix of John Yeager's estate, as the proper party to be substituted. The defendants filed a

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (9th ed. 2009).

response in opposition to this motion, to which the plaintiff replied. On June 1, 2010, the plaintiff filed an amended motion for substitution. The defendants again responded in opposition to the amended motion, and the plaintiff also replied. For the reasons set forth below, the plaintiff's motion for substitution is denied as moot and the plaintiff's amended motion for substitution is granted.

III. Applicable Law

If a party to a suit dies during the pendency of an action, and the claim is not extinguished by the applicable substantive law, the court may order a substitution of parties under Federal Rule of Civil Procedure 25(a)(1). McSurely v. McClellan, 753 F.2d 88, 97 (D.C. Cir. 1985). Any party to the action or a deceased party's representative or successor may file "a statement noting death" of the deceased party. Fed. R. Civ. P. 25(a)(3). The statement or suggestion of death is intended both to advise the court and existing parties that a party has died and also to inform the decedents's legal successor(s) of the pending action. Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985).

The proper party to be substituted and served is a successor or representative of the estate. Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008). "'The successors and representatives of the deceased party' contemplated by the rule are those empowered to assert any legal claims of the decedent not

2

extinguished by death." Fariss, 769 F.2d at 962 (quoting Fed. R. Civ. P. 25(a)(1)). This includes a successor's lawyer; however, the decedent's lawyer is not a proper party to be served unless it is known that he also represents the successor. Atkins, 547 F.3d at 874.

The suggestion of death and the motion to substitute must be served on existing parties pursuant to Federal Rule of Civil Procedure 5. On the contrary, non-parties, such as the successor of the decedent, must be served in the manner provided for service of summons under Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 25(a)(3); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

After the suggestion of death is properly filed and served, existing parties to the suit have ninety days to move for substitution of the deceased party's legal representative. McKenna v. Pacific Rail Service, 32 F.3d 820, 836 (3d Cir. 1986). If the motion is not timely made within ninety days, it must be dismissed. See Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996); Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). The court may extend this period at any time within the ninety days, or by a showing of excusable neglect by the party who is seeking the substitution if the ninety day period has elapsed. Russell v. City of Milwaukee, 338 F.3d 662, 667 (7th Cir. 2007); Fed. R. Civ. P. 6(b)(1). The ninety day period to serve the successor or representative with the motion to substitute does not

begin to run until the successor has also been properly served with the notice of death. <u>Fariss</u>, 769 F.2d at 962. This applies even if the parties had actual notice of the death earlier. <u>Barlow</u>, 39 F.3d at 233.

## IV. <u>Discussion</u>

This Court must first address whether Ethel Yeager, the Executrix of John Yeager's estate, is the proper party to be substituted in this action. Since courts are in agreement that the "successor or representative" mentioned in Rule 25(a)(1) refers to the administrator of the estate or that person's counsel, Ethel Yeager is the proper party to be substituted because she is the legal successor of John Yeager's estate. <u>See</u> <u>Fariss</u>, 769 F.2d at 962; <u>Atkins</u>, 547 F.3d at 873.

Therefore, the next issue this Court must decide is whether the plaintiff's motion to substitute Ethel Yeager is timely and in accordance with the requirements of Rule 25 of the Federal Rules of Civil Procedure. On January 14, 2010, the defendants filed a suggestion of the death of John Yeager on the record and it was served on the plaintiff by mail. Because Rule 25 of the Federal Rules of Civil Procedure requires that service be in accordance with Rule 5 of the Federal Rules of Civil Procedure, which requires service on an existing party's counsel, mailing a copy of the notice to the <u>pro se</u> plaintiff was proper. Fed. R. Civ. P

4

25(a)(3); Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

On April 12, 2010, the plaintiff filed a motion to substitute Ethel Yeager for the deceased John Yeager. However, in attempting to serve Ethel Yeager via standard mail, the plaintiff failed to adhere to the Federal Rule of Civil Procedure 25 requirement that service on a non-existing party must be done through the manner provided for service of summons under Rule 4 of the Federal Rules of Civil Procedure. Id. Federal Rule of Civil Procedure 4 requires personal service on the defendant by a person not party to the suit, including someone specially appointed by the court, unless such service has been waived. Fed. R. Civ. P. 4(c). The summons must be delivered personally to the party being served or left at that person's dwelling with someone of suitable age or discretion. Fed. R. Civ. P. 4(e)(2). Additionally, Federal Rule of Civil Procedure 4 allows the use of any service that is valid under the laws of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Here, simply mailing a copy of the motion for substitution to Ethel Yeager does not satisfy Federal Rule of Civil Procedure 4. See Barlow, 39 F.3d at 233. As a result, the plaintiff's original motion for substitution was not validly served.

Nevertheless, on June 1, 2010, the plaintiff filed an amended motion for substitution. The plaintiff, by way of the Hancock

County Clerk, served a copy of the amended motion for substitution, as well as a copy of the original complaint, by certified mail. This is a proper form of service under West Virginia Rule of Civil Procedure 4(d)(1), and therefore is permissible under Federal Rule of Civil Procedure 4(e)(1).

The defendant argues that granting the plaintiff's motion for substitution would run afoul of the ninety day period because the defendants filed the suggestion of death on January 14, 2010, and the plaintiff did not properly serve Ethel Yeager with the motion until June 1, 2010. See Bell v. Bd. Of Educ., 2006 WL 66409 (S.D. W. Va. Jan. 10, 2006). The ninety day period during which a Rule 25 motion for substitution can be made, however, did not begin to run at the time the suggestion of death was filed because the defendants failed to serve a copy on Ethel Yeager as successor to the estate of the deceased John Yeager. As Federal Rule of Civil Procedure 25 itself states, and as other courts have held, the suggestion of death must be "served on the nonparty representative of the deceased, not merely on the deceased's attorney to satisfy Rule 25(a)(1)." Fariss, 769 F.2d at 962 (holding that because the representative of the estate was never personally served, the ninety day period never began); see also Barlow, 39 F.3d at 233. This requirement protects a nonparty from being put "in a situation in which a lawyer for someone else (the decedent) has thrust him

into a case that he would rather not be in, or at least not as the client of this lawyer." Atkins, 547 F.3d at 874.

At this time, Ethel Yeager has not been formally served with the suggestion of death. Moreover, informal notification of death is not sufficient under Federal Rule of Civil Procedure 25. See United States v. Miller Bros. Constr. Co., 505 F.2d 1031 (10th Cir. 1974). Therefore, the ninety day period was not triggered until proper service of the amended motion was made upon her by the plaintiff. In other words, the ninety day window did not open until that time. Accordingly, because Ethel Yeager is the proper party to be substituted and has been properly served under Rule 25 of the Federal Rules of Civil Procedure, this Court must grant the plaintiff's amended motion to substitute her in this action.

## V. Conclusion

For the reasons stated above, the plaintiff's motion for substitution is DENIED AS MOOT and the plaintiff's amended motion for substitution is GRANTED.

John Yeager is no longer a party to this action by reason of death.

Ethel Yeager, as Executrix of the Estate of John Yeager, deceased, is being substituted as a party to this action in place of John Yeager.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: July 22, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE