IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and d/b/a ROSEMONT MANOR,

    Plaintiff,

v.                                          Civil Action No. 5:09CV1
                                                         (STAMP)

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUFOUR,
ETHEL YEAGER, as Executrix of
the Estate of John Yeager, deceased,
DEWEY GUIDA, TOM VIRTUE,
BOB ARANGO and BOB MRVOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO FILE A
SUPPLEMENT TO DEFENDANTS' PREVIOUSLY FILED MOTION
FOR SUMMARY JUDGMENT BASED ON THE PLAINTIFF'S
PRO SE REPRESENTATION OF A CORPORATION,
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED UPON PRO SE REPRESENTATION OF A CORPORATION,
GRANTING DEFENDANTS' MOTION TO PROCEED WITH
CIVIL ACTION DESPITE THE PLAINTIFF'S
FILING OF BANKRUPTCY AND
DENYING "PLAINTIFF'S MOTION TO OPPOSE
DEFENDANTS' MOTION TO PROCEED WITH CIVIL ACTION
DESPITE PLAINTIFF'S FILING BANKRUPTCY AND
PLAINTIFF'S MOTION TO STAY
SCHEDULING ORDER AND DISCOVERY DEADLINES"**

I.  Procedural History

The plaintiff filed a pro se[1] complaint against the defendants relating to the revocation of a zoning permit issued by the City of Weirton to the plaintiff for the operation of a bed and breakfast facility. The defendants filed a motion for summary judgment based

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

upon pro se representation of a client, to which the plaintiff responded, and the defendants replied. The defendants later filed a motion to file a supplement to their previously filed motion for summary judgment based on the plaintiff's pro se representation of a corporation. Again, the plaintiff filed a response, to which the defendants replied. Also before this Court is the defendants' motion to proceed with civil action despite the plaintiff's filing of bankruptcy. In response, the plaintiff filed "Plaintiff's Motion to Oppose Defendants' Motion to Proceed with Civil Action Despite Plaintiff's Filing Bankruptcy and Plaintiff's Motion to Stay Scheduling Order and Discovery Deadlines." The defendants filed a reply.

For reasons appearing to the Court, the defendants' motion for summary judgment based upon pro se representation of a client is denied; the defendants' motion to file a supplement to their previously filed motion for summary judgment based on the plaintiff's pro se representation of a corporation is granted; the defendants' motion to proceed with civil action despite the plaintiff's filing of bankruptcy is granted; and the "Plaintiff's Motion to Oppose Defendants' Motion to Proceed with Civil Action Despite Plaintiff's Filing Bankruptcy and Plaintiff's Motion to Stay Scheduling Order and Discovery Deadlines" is denied.

## II. Facts

Plaintiff Susko ("Susko") is the sole officer and operator of Rosemont Manor, a lodging and meetings facility located in Weirton,

2

West Virginia. The City of Weirton granted a permit to operate the facility as a bed and breakfast and a wedding/reception facility. Thereafter, however, City of Weirton officials learned that Susko was advertising Rosemont Manor on a website known as "OurHouseOnTheHill.com" for un-permitted, non-zoned sexually-oriented activities. The City issued a notice of violation, but when Susko did not cease the activity outside of the zoning permit, her zoning permit was revoked.

Susko appealed the decision to the Board of Zoning Appeals, which upheld the revocation, and then to the Circuit Court of Hancock County, West Virginia. The Circuit Court concurred in the decision of the Board of Zoning Appeals. The Supreme Court of Appeals of West Virginia declined Susko's petition for appeal.

Now, Susko, as an individual and doing business as Rosemont Manor, brings suit in this Court pursuant to 42 U.S.C. § 1983, alleging that the defendants, acting under City zoning law, deprived her right to property secured by the Fourteenth Amendment, the right to free speech and association under the First Amendment, and the right to unburdened commerce secured by Article 1 of the United States Constitution. In September of 2009, the plaintiff also filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of West Virginia.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

4

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

### A. Defendants' Motion to File a Supplement to Defendants' Previously Filed Motion for Summary Judgment Based on the Plaintiff's Pro Se Representation of a Corporation

In this motion, the defendants request permission to file a supplement to their previously filed motion for summary judgment based on the plaintiff's pro se representation of a corporation. In support of this motion, the defendants argue that at the time that they filed their motion for summary judgment, they were not in possession of a special warranty deed indicating that the property at issue in this case was sold to and owned by Rosemont Manor, LLC. This fact supports the defendants' assertion, they argue, that

5

because the property is owned by Rosemont Manor, LLC, and not Susko, that Susko cannot proceed pro se in this matter.

This Court grants the defendants' motion to file a supplement. Nevertheless, for the reasons set forth in subsection B of this discussion section, this Court finds that the supplement does not affect its decision to deny the defendants' motion for summary judgment.

B.  <u>Defendants' Motion for Summary Judgment Based Upon Pro Se Representation of a Corporation</u>

The defendants state in their motion for summary judgment that the plaintiff's complaint arises out of a zoning dispute concerning a zoning permit issued by the City of Weirton to Rosemont Manor. The defendants indicate that Rosemont Manor, LLC is a registered limited liability company with the West Virginia Secretary of State's Office. Contending that corporations cannot proceed pro se in a civil action, and that the complaint is based upon claims of and related to the limited liability company, and not Susko individually, the defendants contend that Susko must obtain counsel to proceed in this matter.

This Court disagrees. It is well-settled that a corporation must be represented by an attorney in federal court. See <u>Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.</u>, 748 F.2d 602, 609 (11th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1056 (1985); <u>Jones v. Niagara Frontier Transp. Auth.</u>, 722 F.2d 20, 22

(2d Cir. 1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983).

Susko, however, has not filed this suit as a limited liability company, but rather, as an individual doing business as a sole proprietorship. Indeed, the United States Court of Appeals for the Fourth Circuit has held that an individual owner may represent his or her sole proprietorship pro se. See RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 355 (4th Cir. 2007) ("Notably, it has been recognized that a sole proprietorship has no legal existence apart from its owner, and that an individual owner may represent his sole proprietorship in a pro se capacity."). Accordingly, this Court rules that Susko, doing business as Rosemont Manor, as a sole proprietorship can proceed in this action pro se.

This Court must note, nonetheless, that this ruling is not on the merits of whether Susko, doing business as Rosemont Manor, is the real party in interest in this case. Rule 17(a)(1) of the Federal Rules of Civil Procedure states that "[a]n action must be prosecuted in the name of the real party in interest." Whether Susko, doing business as Rosemont Manor, is the real party in interest has not been adequately briefed by the parties to date. This Court, therefore, is unable to determine, with certainty, whether she is the proper party in this case. For this reason, this Court defers a ruling on this issue. The defendants' motion for summary judgment based upon pro se representation of a corporation is nevertheless denied.

C. <u>Defendants' Motion to Proceed with Civil Action Despite the Plaintiff's Filing of Bankruptcy and "Plaintiff's Motion to Oppose Defendants' Motion to Proceed with Civil Action Despite Plaintiff's Filing Bankruptcy and Plaintiff's Motion to Stay Scheduling Order and Discovery Deadlines"</u>

This civil action was filed on January 7, 2009. At a status and scheduling conference on January 7, 2010, the plaintiff informed this Court that she had previously filed bankruptcy proceedings in September of 2009. See Bankruptcy Action No. 5:09BK02181. This Court consequently requested that the defendants inquire as to whether this matter should proceed or be stayed pursuant to 11 U.S.C. § 362(a)(1).

The defendants thereafter filed a motion to proceed with the civil action despite the plaintiff's filing of bankruptcy, to which the plaintiff filed a response in opposition. As part of that response, the plaintiff requested a stay of the scheduling order and discovery deadlines until the trustee in the bankruptcy case either lists this civil action as an asset, or abandons it under the applicable rules.

This Court declines to stay this civil proceeding. Title 11, United States Code, Section 362(a)(1)

> operates as a stay, applicable to all entities, . . . [of] the commencement of continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding <u>against the debtor</u> that was or could have been commenced before the the commencement of the case under this title, or to recover a claim <u>against the debtor</u> that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (emphasis added). From the plain language of the statute, it is clear that the automatic stay only applies to those civil actions against a debtor. Here, Susko is the named plaintiff. As such, this civil action is not against the named debtor in the bankruptcy action, and the automatic stay would not apply.

Furthermore, even assuming that the automatic stay is applicable to this civil action, this Court understands from the docket report in the bankruptcy action that that case is now closed. Pursuant to 11 U.S.C. § 362(c)(2)(A), therefore, any such stay would no longer be in effect, and this case could proceed accordingly. The defendants' motion to proceed with this civil action despite the plaintiff's filing of bankruptcy, thus, is granted.

In light of this Court's ruling on the defendants' motion, the "Plaintiff's Motion to Oppose Defendants' Motion to Proceed with Civil Action Despite Plaintiff's Filing Bankruptcy and Plaintiff's Motion to Stay Scheduling Order and Discovery Deadlines" is denied.

## V. Conclusion

For the reasons set forth above, the defendants' motion for summary judgment based upon pro se representation of a client is DENIED; the defendants' motion to file a supplement to their previously filed motion for summary judgment based on the plaintiff's pro se representation of a corporation is GRANTED; the defendants' motion to proceed with civil action despite the

9

plaintiff's filing of bankruptcy is GRANTED; and the "Plaintiff's Motion to Oppose Defendants' Motion to Proceed with Civil Action Despite Plaintiff's Filing Bankruptcy and Plaintiff's Motion to Stay Scheduling Order and Discovery Deadlines" is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and counsel of record herein.

DATED:    July 29, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE