IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual and
d/b/a ROSEMONT MANOR,

        Plaintiff,

v.                                            Civ. Action No. 5:09-CV-1

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM MCHENRY, GARY DUFOUR, JOHN
YEAGER, DEWEY GUIDA, TOM VIRTUE,
BOB ARANGO, and BOB MRVOS,

        Defendants.

**MEMORANDUM AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on Defendants' Motion for Protective Order filed July 21, 2010.[1] The Court held an evidentiary hearing and argument on Defendants' Motion on August 16, 2010. Plaintiff, Rosemary Susko, appeared in person, and Defendants City of Weirton, Mark Harris, William Miller, Rod Rosnick, Jim McHenry, Gary DuFour, John Yeager, Dewey Guida, Tom Virtue, Bob Arango, and Bob Mrvos appeared by David L. Wyant and April J. Wheeler, in person. No testimony was taken nor was any other evidence adduced.

## I. INTRODUCTION

A.    Background

This action was filed on January 7, 2009 alleging multiple violations of Plaintiff's First and

---

[1] Dkt. No. 82.

1

Fourteenth Amendment rights under the United States Constitution, as well as, violations of 42 U.S.C. §1983, by the Defendants. Defendants filed their Motion for Protective Order seeking relief from producing documents sought by Plaintiff's Request for Production of Documents Numbers 7 and 8.

B.    The Motion

    1.    Defendants' Motion for Protective Order.[2]

C.    Decision

The Defendants' Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART** as hereinafter set forth.

## II. FACTS

1. On July 21, 2010, Defendants' filed a Motion for Protective Order.[3]

2. On August 4, 2010, Plaintiff filed a Response Opposing Defendants' Motion for Protective Order.[4]

3. This Court set an evidentiary hearing and argument on Defendants' Motion for Protective Order on August 5, 2010.[5]

4. Defendants' filed a Motion to Continue and Reschedule the Motion for Protective Order Hearing on August 6, 2010.[6]

---

[2] Dkt. No. 82.

[3] Dkt. No. 82.

[4] Dkt. No. 90.

[5] Dkt. No. 91.

[6] Dkt. No. 92.

5. On August 9, 2010, this Court granted Defendants' Motion to Continue and Reschedule the Motion for Protective Order hearing and continued the hearing to August 16, 2010 at 10:00am.[7]

6.. Defendants filed their Reply to Plaintiff's Response Opposing Defendants' Motion for Protective Order on August 12, 2010.[8]

7. On August 16, 2010, the evidentiary hearing and argument was held.[9]

### III. DEFENDANTS' MOTION FOR PROTECTIVE ORDER

A. Contentions of the Parties

Defendants filed their Motion for Protective Order citing the need "to protect the defendants from annoyance, oppression, undue burden, and to protect the privacy of the individual defendants in attempting to prepare answers to the Requests for Production of Documents that seek private and personal information." See Defs.' Mot. For Prot. Order, Pg. 2, paragraph 3. (Dkt. 82). Defendants argue that there has been no showing or finding by the Court that Defendants are being sued in their individual capacities. Defendants contend case law and public policy dictate that until a determination of whether Defendants are being sued in their individual capacity is made and punitive damages are a possibility, the financial information is not relevant.

Plaintiff argues Defendants have failed to comply with Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.04(b) and, therefore, should not be rewarded for their flouting of the Rules. Plaintiff also contends Defendants are being sued in their respective individual

---

[7] Dkt. No. 93.

[8] Dkt. No. 95.

[9] Dkt. No. 99.

capacities. Plaintiff cites the particularized counts for each individual Defendant, as well as, the punitive damages claim to support Plaintiff's assertion that suit has been brought against the Defendants in both their official and individual capacities.

Defendants' Reply addresses their non-compliance with Fed. R. Civ. P. 26(c) and Local Rule 26.04(b) by arguing any attempt to confer with Plaintiff to resolve the issue would have been futile. Defendants cite to their previous attempts which resulted in "limited, if any, resolution" for support. Defendants further contend that because Defendants are unwilling to compromise on this issue, their good-faith duty to attempt to reach a resolution should be excused.

B.  Discussion

**1. Defendants' Noncompliance with Fed. R. Civ. P. 26(c) and LR Civ P 26.04(b)**

Before reaching the substantive issues presented by Defendants' Motion for Protective Order, the Court will address Plaintiff's argument that the Motion be denied because Defendants failed to certify that they have in good faith conferred or attempted to confer with Plaintiff in an effort to resolve the dispute without involving the Court.

Fed. R. Civ. P. 26(c) directs movants to include with a motion for protective order "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." LR Civ P 26.04(b) states that "before filing any discovery motion, including any motion for ...a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." These requirements encourage resolving discovery disputes without judicial involvement. See Wilson v. Liberty Ins. Underwriters, Inc., 2008 U.S. Dist. LEXIS 39468, *6 (S.D.W.V. 2008). "Failure to confer or attempt to confer may result in

unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." Pulsecard, Inc. V. Discover CardServs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).

The Court is concerned with Defendants' failure to confer or attempt to confer with Plaintiff prior to filing their motion. The purpose of the "meet and confer" requirement is just that: to meet and confer. The Federal Rules of Civil Procedure and the Local Rules do not provide, however, that failure to meet and confer automatically results in denial of the motion. Frontier-Kemper Constructors, Inc. V. Elk Run Coal Co., 246 F.R.D. 522, 526 (S.D.W.V. 2007). Notwithstanding the Court's concern in this regard, the Court will consider the substantive issues raised by Defendants in their Motion. Counsel are advised to confer or, at a minimum, attempt to confer before filing future motions.

**2. Qualified Privilege for Tax Returns Exists at This Stage in the Proceedings**

Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Such [l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, or litigated disputes. Seattle Times Co. V. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199 (1984). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach...thus, the Rules often allow extensive intrusion into the affairs of litigants...." Id. at 30.

Although information is not shielded from discovery on the sole basis that the

5

information is confidential, a party may request the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information. To obtain a protective order, the party resisting discovery must establish that the information sought is covered by Fed. R. Civ. P. 26(c) and that it will be harmed by disclosure."[10] In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998). In determining whether good cause exists to issue a protective order prohibiting the dissemination of documents or other materials obtained in discovery, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. V. Bernard, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193 (1981). See also Aetna Cas. & Sur. Co. V. George Hyman Const. Co, 155 F.R.D. 113, 115-16 (E.D.Pa. 1994) (initial inquiry is whether movant has shown disclosure will result in clearly defined and very serious injury).

Plaintiff requests copies of personal and business income tax returns, as well as, all documents related to all assets, both business and personal, for each Defendant. Plaintiff argues that this information will provide Plaintiff with "an intelligent way to determine" whether, if a party desired to settle, the settlement amount would be appropriate. Defendants argue that their personal financial information should be protected by the Court. In support of their Motion for Protective Order, Defendants state "it is simply unjust and unfair to order these public servants and citizen board members to provide personal and private financial information...." *See* Defs' Reply, Pg. 2. (Dckt 95). Personal and private information, however, does not equate to non-

---

[10] Fed. R. Civ. P. 26(c) provides in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

discoverable information. See Federal Open Mkt. Comm. V. Merrill, 443 U.S. 340, 362, 99 S. Ct. 2800 (1979).

Tax returns in the hands of a taxpayer are not privileged from civil discovery. See St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S. Ct. 289 (1961). Nevertheless, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. See Natural Gas Pipeline Co. v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993). The Fourth Circuit has not developed a clear rule as to the discoverability of income tax returns in particular, however, the general federal rule is that disclosure of tax returns is disfavored. See Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc., 96 F.R.D. 147, 148-49 (E.D. Va. 1982) ("a 'qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy"); William A. Edmundson, Note, *Discovery of Federal Income Tax Returns and the New "Qualified" Privileges*, 5 DUKE L.J. 938 (1984). A two-prong test should be applied to determine when the qualified privilege protecting income tax returns is overcome. Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216-217 (W.D. Va. 1997). The court must determine whether 1) the tax return is relevant to the subject matter in dispute; and 2) a compelling need exists for the return, because the information sought is not obtainable from other sources. Id. at 217. While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information. Eastern Auto Distribs., Inc. 96 F.R.D. at 149.

Tax returns which provide information as to a defendant's net worth are relevant if the defendant is potentially liable for punitive damages. See Blount v. Wake Elec. Membership

7

Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993); Vanguard Military Equip. Corp. v. David B. Finestone Co., 6 F. Supp. 2d 488, 495-496 (E.D. Va. 1997). The party requesting the discovery generally does not need to establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns. SMD Software, Inc. v. Emove, Inc. No. 5:08-cv-403-FL, 2010 U.S. Dist. LEXIS 54736, *6 (W.D.N.C. June 2, 2010) (unpublished). The prima facie showing can be satisfied by presenting evidence in support of the punitive damages claim or by surviving a motion to dismiss or for summary judgment. See Hester v. Cottrell Contracting Corp., No. 7:00-cv-70-BR, 2001 U.S. Dist. LEXIS 20899 (E.D.N.C. Apr. 27, 2001) (unpublished) (evidence supporting punitive damage claim sufficient for disclosure); Blount v. Wake Elec. Membership Corp. (Survival of dispositive motion is prerequisite to disclosing financial data). In either event, only tax returns for the defendant's current financial situation are discoverable. SMD Software, Inc., 2010 U.S. Dist. LEXIS 54736, at *7.

Defendants' contend that until the issues of capacity and punitive damages have been determined, there is no basis for Defendants to provide their personal and private financial information to the Plaintiff or the Court. Defendants also argue that public policy favors the non-disclosure of income tax returns until such information becomes relevant.

With regard to the applicability of the qualified privilege of tax returns, this Court finds the privilege applicable until such time as the issue of qualified immunity is decided by the district court. Then, as consistent with the practice of this Court, Defendants will be required to file the information sought under seal with the Court until given to the Plaintiff by the district court. See Mylan Labs., Inc. V. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993) (noting "district

courts have broad discretion in their resolution of discovery problems.").

C.  Decision

The Defendants' Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: September 10, 2010                /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE