IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and d/b/a ROSEMONT MANOR,

    Plaintiff,

v.                                                    Civil Action No. 5:09CV1
                                                                     (STAMP)

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM McHENRY, GARY DUFOUR,
JOHN YEAGER, DEWEY GUIDA,
TOM VIRTUE, BOB ARANGO
and BOB MRVOS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I.   Background

    The plaintiff in the above-styled civil action filed a complaint on January 7, 2009 alleging multiple violations of her First and Fourteenth Amendment rights under the United States Constitution, as well as violations of 42 U.S.C. § 1983, by the defendants. These violations allegedly arose as the result of the revocation of a zoning permit issued by the City of Weirton to the plaintiff for the operation of a bed and breakfast facility.

    On July 21, 2010, the defendants filed a motion for a protective order seeking relief from producing documents sought by the plaintiff's request for production of documents numbers seven and eight. In support of this motion, the defendants argued that they need a court order to protect them from annoyance, oppression, and undue burden or expense that may result from the preparation of

answers to the plaintiff's request for production of documents that seeks private and personal information of the defendants. Further, the defendants contend that a protective order is necessary to protect their privacy. According to the defendants, there has been no showing or finding by the court that they are being sued in their individual capacities; therefore, their personal financial information is not relevant in this case. The defendants requested that this court enter a protective order prohibiting the requirement that they answer the plaintiff's discovery requests numbers seven and eight.

The plaintiff filed a response on August 4, 2010 arguing: (1) the defendants failed to comply with Rule 26(c) of the Federal Rules of Civil Procedure by refusing to provide copies of personal and business income tax returns and documents related to all business and personal assets; and (2) the plaintiff did, in fact, sue the defendants in their personal/individual capacities.

On September 10, 2010, United States Magistrate Judge James E. Seibert issued a memorandum opinion and order granting in part and denying in part the defendants' motion for protective order. The magistrate judge first noted his concern that the parties had failed to meet and confer pursuant to Rule 26(c) of the Federal Rules of Civil Procedure prior to filing the motion for a protective order. The magistrate judge then found that the qualified privilege of tax returns is applicable in this case until such time as the issue of qualified immunity is decided by the

2

district court. The magistrate judge required the defendants to file the information sought under seal with the court until given to the plaintiff by the district court.

The magistrate judge advised the parties that any party may file written objections to his order within fourteen (14) days after being served with a copy of the magistrate judge's order. The parties were advised that failure to timely file objections to the order would result in waiver of the right to appeal from a judgment of this court based upon such order.

On September 27, 2010, the plaintiff filed objections to the magistrate judge's order of September 10, 2010 and requested that the court enter an order setting aside Judge Seibert's order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The plaintiff states the following objections: (1) the court gives no reason why the defendants' actions contrary to federal and local rules are acceptable; and (2) the court makes no ruling except for the defendants' tax returns and does not provide reasoning and supporting case law. The plaintiff requested that the order be modified to include some reasoning as to why the defendants do not have to follow the federal and local rules to obtain a protective order.

## II. Applicable Law

A. Review of the Magistrate Judge's Order

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly

erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

B. Federal Rule of Civil Procedure 26(c) and Local Rule of Civil Procedure 26.04(b)

Rule 26(c) of the Federal Rules of Civil Procedure provides that upon motion and a certification that the movant has in good faith conferred or attempted to confer with the other parties to resolve the dispute without court intervention, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Local Rule of Civil Procedure 26.04(b) provides that "[b]efore filing any discovery motion, including any motion for . . . a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." LR Civ P 26.04(b). "The purpose of the meet and confer obligation is to request and obtain discovery material without court action."

Wilson v. Liberty Ins. Underwriters, Inc., No. 2:07-cv-00478, 2008 WL 2074040 (S.D. W. Va. May 15, 2008).

III. Discussion

A. Failure to Meet and Confer

Before reaching the substantive issues presented by the defendants' motion for protective order, the magistrate judge first addressed the court's concern with the defendants' failure to abide by the meet and confer requirement of Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.04(b) of the Local Rules of Civil Procedure. The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure do not provide that failure to meet and confer automatically results in denial of the motion; therefore, the magistrate judge correctly considered the substantive issues raised by the defendants' motion. See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 526 (S.D. W. Va. 2007).

Although the plaintiff claims that the magistrate judge failed to give any reason as to why the defendants do not have to follow the federal and local rules to obtain a protective order, the magistrate judge clearly stated that while failure to confer or attempt to confer may result in unnecessary motions, it does not result in automatic denial of the motion. The plaintiff highlights the fact that the defendants never made any attempt to confer with the plaintiff before filing the protective order, but notably, the

5

plaintiff is silent as to whether she made any attempt to confer with opposing counsel regarding her discovery requests.

B.  Merits of the Ruling

In this case, the plaintiff requests copies of personal and business income tax returns, as well as all documents related to all assets, both business and personal, for each defendant.  The plaintiff argues that this information will enable the plaintiff to determine whether, if a party desired to settle, the settlement amount would be appropriate.  The defendants, however, contend that their personal financial information should be protected by the court.  Although tax returns are not privileged from civil discovery, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns.  Terwilliger v. York Intern. Corp., 176 F.R.D. 214, 216 (W.D. Va. 1997); see also Natural Gas Pipeline Co. v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993) (stating that courts are reluctant to order the disclosure of income tax returns as part of discovery); Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (stating that unnecessary disclosure of tax returns is to be avoided).  Although courts hesitate to order disclosure of tax returns, tax returns that provide information as to a defendant's net worth are relevant if the defendant is potentially liable for punitive damages.  See Water Out Drying Corp. v. Allen, No. 3:05CV353-MU, 2006 WL 1642215 (W.D.N.C. June 7, 2006) (unreported).

The defendants argue that until the issues of capacity and punitive damages have been determined, there is no basis for them to provide their personal financial information to the plaintiff. The magistrate judge found that the qualified privilege of tax returns is applicable to the defendants until such time as the issue of qualified immunity is decided by the district court; however, as consistent with the practice of this court, the magistrate judge held that the defendants will be required to file the information sought by the plaintiff under seal with the court until given to the plaintiff by the district court.

The plaintiff objects on the grounds that the magistrate judge's order does not provide any reasoning as to how the qualified privilege of tax returns is applicable to qualified immunity. However, the magistrate judge's order explains that the privilege applies until the issue of qualified immunity is decided by the district court, because prior to that time, the plaintiff cannot show that a compelling need exists for the tax return or establish its relevance. See Terwilliger, 176 F.R.D. at 217 (describing the two-part test to determine when the qualified privilege protecting income tax returns is overcome).

As previously noted, this court reviews the magistrate judge's order according to the "clearly erroneous or contrary to law" standard. This standard requires a district court to affirm the magistrate judge's decision unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been

7

committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). Upon reviewing the decision of the magistrate judge, this court finds no clear error in the magistrate judge's ruling on the qualified privilege of the defendants' tax returns.

IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's objections to the magistrate judge's order are OVERRULED and the magistrate judge's order granting in part and denying in part defendants' motion for protective order is AFFIRMED. The plaintiff's request for production of documents shall be GRANTED as framed, and the defendants are DIRECTED to file the information sought by the plaintiff under seal.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: November 3, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE