IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual and
d/b/a ROSEMONT MANOR,

      Plaintiff,

v.                                                                                            Civ. Action No. 5:09-CV-1

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM MCHENRY, GARY DUFOUR, JOHN
YEAGER, DEWEY GUIDA, TOM VIRTUE,
BOB ARANGO, and BOB MRVOS,

      Defendants.

**MEMORANDUM AND ORDER DENYING BOTH PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PROVIDING AN ALTERNATIVE DECISION SHOULD THE DISTRICT COURT FIND PLAINTIFF'S MOTION TO COMPEL WAS TIMELY FILED**

This matter comes before the Court on Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Production of Documents Request filed August 24, 2010.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on September 13, 2010. Plaintiff, Rosemary Susko, appeared in person, and Defendants, City of Weirton, Mark Harris, William Miller, Rod Rosnick, Jim McHenry, Gary DuFour, John Yeager, Dewey Guida, Tom Virtue, Bob Arango, and Bob Mrvos appeared by David L. Wyant and April J. Wheeler, in person. No testimony was taken nor was any other evidence adduced.

---

[1] Dkt. 102.

1

# I. **INTRODUCTION**

A. Background

This action was filed on January 7, 2009 alleging multiple violations of Plaintiff's First and Fourteenth Amendment rights under the United States Constitution, as well as, violations of 42 U.S.C. §1983, by the Defendants. Plaintiff filed her Motion to Compel requesting the Court to direct Defendants to provide complete responses to her discovery requests. Defendants filed their Motion for Protective Order seeking relief from producing documents sought by Plaintiff's Second Set of Requests for Production of Documents Numbers 3 and 5.

B. The Motions

1. Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Set of Production of Documents Request.[2]

2. Defendants' Motion for Protective Order.[3]

C. Decision

Plaintiff's Motion to Compel is **DENIED** as untimely.

Defendants' Motion for Protective Order is **DENIED** as moot.

Should the District Court find Plaintiff's Motion to Compel is timely, Defendants are **ORDERED** to produce all documents responsive to Plaintiff's First Set of Production Requests, Production Request 4. Defendants may exempt documents which Defendants have a good faith basis for claiming a privilege so long as the exempted documents are reflected in a proper privilege log disclosed to Plaintiff and the Court.

---

[2] Dkt. No. 102.

[3] Dkt. No. 106.

Defendants shall also provide copies of all pleadings and exhibits filed in the Hancock County Circuit Court case with reasonable expenses billed to Plaintiff.

Defendants are **ORDERED** to produce all documents responsive to Plaintiff's Production Request 3 relating to fire and service fees for the 15 businesses specified by Plaintiff in her discovery request.

Defendants are additionally **ORDERED** to produce all documents responsive to Plaintiff's Second Set of Production Requests, Request 5. Specifically, Defendants must produce all non-conforming use applications for the years 2007 and 2008 for all R-1 businesses that conduct business similar to Plaintiff's.

## II. FACTS

1. On August 24, 2010, Plaintiff filed a Motion to Compel.[4]

2. This Court set an evidentiary hearing and argument on Plaintiff's Motion to Compel on September 2, 2010.[5]

3. On September 3, 2010, Defendants filed their Response to Plaintiff's Motion to Compel Defendants' Motion for Protective Order.[6]

4. On September 10, 2010, Plaintiff filed a Reply to Defendants' Response.[7]

5. Plaintiff filed her Response Opposing Defendants' Motion for Protective Order on

---

[4] Dkt. No. 102.

[5] Dkt. No. 103.

[6] Dkt. Nos. 107 & 106, respectively.

[7] Dkt. No. 113.

September 13, 2010.[8]

6.      On September 13, 2010, the evidentiary hearing and argument was held.[9]

### III. PLAINTIFF'S MOTION TO COMPEL

A.      Contentions of the Parties

In her Motion to Compel, Plaintiff argues Defendants have responded with "incomplete" and "evasive" answers to relevant discovery requests. See Pl.'s Mot. to Compel, Pg. 1, paragraph 1. (Dkt. 102).

Defendant contends Plaintiff's Motion to Compel is untimely and thus, waived. Defendant argues substantively Plaintiff's Motion must fail because Defendants have fully responded to each discovery request and have stated Defendants will supplement their responses in keeping with their discovery duties. Defendants also argue a privilege log is unnecessary regarding Plaintiff's Request No. 4 because Defendants have previously provided "a copy of each and every document" requested by Plaintiff. See Defs.' Resp. to Mot. to Compel, Pg. 5 (Dkt. 107).

In Plaintiff's Reply, Plaintiff argues her Motion to Compel is timely given Fed. R. Civ. P. 6(d). Plaintiff asserts there are inconsistencies in Defendants' production of the requested documents. Plaintiff argues Defendants contend to Plaintiff that Defendants are still searching for the requested documents but Defendants allege to this Court that all requested documents have been produced.

---

[8] Dkt. No. 115.

[9] Dkt. No. 99.

B. <u>Discussion</u>

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion to compel a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel. <u>James v. Wash Depot Holdings, Inc.</u>, 240 F.R.D. 693, 695 (S.D.Fla. 2006); <u>see also</u>, <u>Schwartz v. Marketing Pub. Co.</u>, 153 F.R.D. 16, 21 (D.Conn. 1994) (court refused to grant motion to compel where plaintiff did not request documents pursuant to discovery rules).

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

<u>Id.</u>

    1. **Timeliness of Plaintiff's Motion to Compel**

A court cannot grant a motion to compel unless it is timely filed. "A motion to compel . .

. is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." LR Civ P 37.02(b). If the requesting party does not file the motion to compel within the specified time frame, "the party has waived his right to any material he may have obtained from the request, unless it can show good cause for the delay." Ayers v. Continental Cas. Co., 240 F.R.D. 216, 224 (N.D.W.Va. 2007).

Plaintiff argues she has not waived her right to filed a Motion to Compel because of the applicability of Fed. R. Civ. P. 6(d). A review of that rule, and those rules it references, is necessary. Rule 6(d) of the Federal Rules of Civil Procedure provides: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Rule 6(a)(1) of the Federal Rules of Civil Procedure states:

> When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1)(A)-(C).

Under Rule 37.02 of the Local Rules of Civil Procedure for the United States District Court for the Northern District of West Virginia, a "motion to compel...is deemed waived if it is not filed within thirty (30) days after the discovery response...was due, which date is determined in accordance with a rule...unless such failure to file the motion was caused by excusable neglect or

6

by some action of the non-moving party."

Plaintiff argues due to the additional three days provided to her under Fed. R. Civ. P. 6(d), Plaintiff's Motion to Compel is timely. This argument must fail notwithstanding the applicability of Rule 6(d). According to Plaintiff's Certificate of Service, Plaintiff served Defendants Plaintiff's Production of Documents Request (First Set) on June 18, 2010. Utilizing Rules 6(d) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, Defendants' discovery response to Plaintiff's production request was due July 21, 2010. Local Rule of Civil Procedure 37.02 mandates Plaintiff's Motion to Compel to have been filed "*within thirty (30) days after the discovery response...was due....*" to avoid waiver of her motion. LR Civ. P. 37.02 (b) (emphasis added). Thirty days from July 21, 2010, including the additional 3 days provided by Fed. R. Civ. P. 6(b), is August 23, 2010. Plaintiff's Motion to Compel was filed August 24, 2010.[10] Therefore, the Court finds Plaintiff's right to the requested material has been waived because her Motion to Compel is untimely. See Taggart v. Damon Motor Coach, 2007 U.S. Dist. LEXIS 3462, at *11 (N.D.W.Va. Jan. 17, 2007). Nonetheless, the Court believes the most effective use of judicial resources would be to discuss the substance of Plaintiff's Motion.

**2. Scope of Discoverable Information & Appropriateness of Defendants' Responses to Plaintiff's Discovery Requests**

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of

---

[10] Dkt. No. 102.

persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). Discovery, however, like all matters of procedure, has ultimate and necessary boundaries. Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 351 (1978). The discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[26] To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

### a. Plaintiff's Requests for Production of Documents #2 & #3 & #4

"Even assuming that information is relevant in the broadest sense, the simple fact that the requested information is discoverable...does not mean that discovery must be had." Nicholas v. Wyndham Int'l Inc., 373 F.3d 537, 543 (4th Cir. 2004). Though parties must produce information necessary to establish claims, courts should not permit them "to go fishing." Surles

---

[26] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

8

ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) (internal citations omitted). As such, courts retain discretion to determine if a discovery request is too broad or oppressive. Id. Moreover, mere speculation that documents exist is not a sound basis for a motion to compel production. Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld. See Kinetic Concepts, Inc. v. Convatec Inc., 1:08-cv-918, 2010 U.S. Dist. LEXIS 46976, at *3, *87 (M.D.N.C. May 12, 2010); see also Averill v. Gleaner Life Ins. Soc'y, 626 F. Supp. 2d 756 (D. Ohio 2009) (suspicion insufficient to warrant granting motion to compel); Goodrich Corp. v. Emhart Indus., Inc., 2005 U.S. Dist. LEXIS 17193 (D. Cal., June 20, 2005); Health Care Serv. Corp. v. Mylan Labs., Inc., 219 F.R.D. 12 (D.D.C. 2003) ("The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have. Such suspicion is, however, insufficient to warrant granting a motion to compel.").

Plaintiff asserts Defendants breached their discovery obligations. Among other things, Plaintiff argues this is true because Defendants must have documents that establish the "proof" Defendants had in the Hancock Circuit Court suit against Plaintiff. See Pl.'s Reply, Pg. 5 (Dkt. 113). Additionally, Plaintiff contends affidavits and other memos, meeting notes and file material referenced in the files at the bottom of certain correspondence are "conspicuously missing" from Defendants' production. Id.

Defendants state they "have produced each and every document that has been located by Defendants." See Defs.' Resp. to Mot. to Compel, Pg. 2 (Dkt. 107). Defendants argue they "simply have not been able to locate any additional responsive documents," but "if additional responsive documents are located, they will be provided to the [P]laintiff." Id. at Pg. 3. In an

effort to support their good faith effort, Defendants offer an affidavit from Mr. Rod Rosnick regarding the search efforts undertaken to comply with Plaintiff's request.

This Court finds the dilemma now before the court to be well-described in Ropak Corp. v. Plastican, Inc., No. 04C5422, 2006 WL 2385297, at *5 (N.D. Ill. Aug. 15, 2006).

> [T]o the extent Plaintiffs allege that [Defendant] has not produced all documents, the Court notes the difficulty of the decision it faces. On one hand, Plaintiffs maintain that [Defendant's] document production remains incomplete, yet on the other [Defendant] contends that it has produced all that it can produce. Admittedly, there is no way for the Court to independently verify whether [Defendant] possesses the documents Plaintiffs allege exist and whether [Defendant] has in fact produced all relevant documents....

Ropak, 2006 WL 2385297, at *5.

This Court cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them. Rule 26(g) of the Federal Rules of Civil Procedure certification requirement "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g). Moreover, Rule 26(g) "requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Id. By signing a Rule 26(g) certification, an attorney "certifies that [he or she] has made a reasonable effort to assure that the client has provided all the information and documents available to [the client] that are responsive to the discovery demand." Id. By representing Defendants have or will produce the requested documents, the Court cannot compel discovery without more. Defendants state numerous times throughout their Response that they have produced all documents responsive to Plaintiff's Production Requests 2 and 3, and that Defendants will supplement with additional responsive documents in keeping with their discovery duties. Plaintiff's

allegations of Defendants' impropriety are unwarranted and improper without substantive evidence to support her claims. Moreover, this Court finds Mr. Rosnick's affidavit, describing the efforts made to locate documents responsive to Plaintiff's request and those individuals involved in such efforts, provides Plaintiff with "a definitive response" regarding her requests. There is no evidence of any bad faith as to any withholding or destruction of documents by Defendants and mere suspicion will not suffice. Accordingly, this argument must fail.

### b. Generalized Objections & Necessity of a Privilege Log

"When discovery is contested, the party resisting discovery has the burden of clarifying, explaining and supporting its objections." Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co., No. 05-CV-41, 2006 U.S. Dist. LEXIS 68744, at *1, *17 (N.D.W.Va. Sept. 21, 2006). An objection to part of a request "must specify the part that is objectionable and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). "[W]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Boilerplate objections to discovery requests, including for documents, are inappropriate. See PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W.Va. 2004) ("The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice."). The Federal Rules of Civil Procedure require particularized objections to allow an opposing party to respond appropriately. Fed. R. Civ. P. 26(g).

In Defendants' Response to Plaintiff's Motion to Compel, Defendants assert that they "have produced each and every document that has been located by Defendants." See Defs.' Resp. to Mot. to Compel, Pg. 2 (Dkt. 107). In Defendants' Answers to Plaintiff's First Set of Requests for Production of Documents, Defendants asserted objections to the Document Requests 2 and 3 because the requests sought "information that is not reasonably calculated to lead to the discovery of admissible evidence in the trial of this matter." (Dkt. 102-4). This type of generalized objection is insufficient and Defendants' Counsel is advised to utilized specific objections in future discovery requests.

Defendants also contend a privilege log is unnecessary because the information contained in Defendants' Counsel's file is not "otherwise discoverable" under the Rules. The Court cannot tell from Defendants' answer what, if any, otherwise responsive documents to Plaintiff's Production Request 4 in "Defendants' Counsel's file" that Defendants may have withheld based on relevance grounds. As a result, the Court will grant Plaintiff's Motion to Compel as to these matters. Accordingly, within seven days of the date of this Memorandum Opinion and Order, Defendants shall produce all documents responsive to Request 4, with the exception of documents as to which Defendants have a good faith basis for claiming a privilege reflected in a proper privilege log disclosed to Plaintiff within the same seven-day period. Defendants shall also provide copies of all pleadings and exhibits filed in the Hancock County Circuit Court case with reasonable expenses billed to Plaintiff within the same seven-day period.

### IV. DEFENDANTS' MOTION FOR PROTECTIVE ORDER

A.      Contentions of the Parties

Defendants filed their Motion for Protective Order regarding Plaintiff's Second Set of

Requests for Production of Documents because the requests "are unduly burdensome and designed to cause annoyance and undue expense on the part of the [D]efendants." See Defs.' Mot. For Prot. Order, Pg. 1 (Dkt. 106). Defendants argue Plaintiff's Production Request 3 involves fire and service fees collected by the City of Weirton and, therefore, is not relevant to the present zoning case before the Court. Defendants further contend Plaintiff's Production Request 5 is too broad in that it requires Defendants to "search rooms of documents stored in many different locations and review[ing] each file document by document." Id. at Pg. 2. Defendants ultimately argue they have attempted to comply with all of Plaintiff's previous discovery requests although "all have been overly broad and most have been not reasonably calculated to lead to the discovery of admissible evidence in this matter" but that a protective order is necessary to protect Defendants from further annoyance and expense. Id. at Pg. 3.

Plaintiff again alleges Defendants have failed to comply with Local Rule 26.04(b) and, therefore, should not be rewarded for their flouting of the Rules. Plaintiff opposes Defendants' Motion by arguing her Production Request 3 is "specific, relevant and calculated to lead directly to the discovery of admissible evidence." See Pl.'s Response, Pg. 3 (Dkt. 115). Plaintiff argues the city police and fire service fees are relevant to enable Plaintiff "to evaluate evidence of the Defendants' motives by comparing the Defendants' treatment of the Plaintiff to the Defendants' treatment of fifteen other businesses for Police and Fire Service fees." Id. at Pg. 5. Additionally, Plaintiff contends her Production Request 5 is "not overly broad [and] requires a response" because her request is only for the period of time the litigation between Plaintiff and Defendants occurred. Id. at pg. 6.

B. <u>Discussion</u>

   1. **Non-Compliance with Local Rule 26.04(b)**

LR Civ P 26.04(b) states "before filing any discovery motion, including any motion for …a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." These requirements encourage resolving discovery disputes without judicial involvement. See <u>Wilson v. Liberty Ins. Underwriters, Inc.</u>, 2008 U.S. Dist. LEXIS 39468, *6 (S.D.W.Va. 2008). "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." <u>Pulsecard, Inc. v. Discover CardServs., Inc.</u>, 168 F.R.D. 295, 302 (D. Kan. 1996).

Plaintiff contends Defendants have not fulfilled their duty to meet with Plaintiff in good faith to narrow the discovery dispute as required by LR Civ P 26.04(b). The Court finds Plaintiff's argument without merit. Plaintiff acknowledges Defendants' August 19, 2010 letter requesting Plaintiff to withdraw Document Requests 3 and 5, yet concedes that Plaintiff, herself, "neglected" to respond. While it may be convenient for the parties to confer after a scheduled deposition, the Rule does not require such. Plaintiff's failure to respond to Defendants' Letter regarding the production requests at issue, and later argument on Defendants' failure to meet and confer is similar to the phrase: "the pot calling the kettle black." Accordingly, Plaintiff's argument must fail.

   2. **Protective Order Rules**

Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Such [l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, or litigated disputes. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach...thus, the Rules often allow extensive intrusion into the affairs of litigants...." Id. at 30.

Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information. To obtain a protective order, the party resisting discovery must establish that the information sought is covered by Fed. R. Civ. P. 26(c) and that it will be harmed by disclosure."[27] In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998). In determining whether good cause exists to issue a protective order prohibiting the dissemination of documents or other materials obtained in discovery, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981). See also Aetna Cas. & Sur. Co. v. George Hyman Const. Co, 155 F.R.D. 113, 115-16 (E.D.Pa. 1994) (initial inquiry is whether movant has shown disclosure will result in clearly defined and very serious injury).

Plaintiff requests all documents relating to fire and service fees for 15 businesses.

---

[27] Fed. R. Civ. P. 26(c) provides in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

Plaintiff argues this information is relevant to the present litigation because it will allow Plaintiff to compare any differences, if any exist at all, in the City's treatment of Plaintiff versus the other 15 businesses. Plaintiff also requests all non-conforming use zoning applications and permits over a four-year period. Plaintiff maintains her request is not burdensome but merely requires Defendants to engage in "the process of document production." See Pl.'s Response, Pg. 7 (Dkt. 115). Plaintiff furthers this argument by highlighting the three-day effort Plaintiff undertook to provide "documents in an understandable fashion" to Defendants. Id.

Defendants argue Plaintiff's Production Request 3 for documents relating to fire and service fees is not relevant to the present zoning case before the Court. Defendants also contend Plaintiff's Production Request 5 is "unduly burdensome, expensive and an attempt to annoy and harass the [D]efendants." See Defs.' Mot. for Protective Order, Pg. 2 (Dkt. 106). They argue the process of locating responsive documents for the entire four-year period is an excessively broad request that would require Defendants "to search rooms of documents stored in many different locations and reviewing each file document by document." Id. Defendants request a protective order to protect against continued annoyance, harassment, and expense in this matter.

      a.      **Relevance to a Claim or Defense**

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense...." Information sought by means of the discovery process must be relevant to the issues in action or must be useful in uncovering the existence of information relevant to the issues in the case. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009). While evidence need not be admissible at trial, "[d]iscovery of matter not reasonably calculated to lead to discovery of admissible evidence is not within the scope of Rule

26(b)(1)." <u>Oppenheimer Fund v. Sanders</u>, 437 U.S. 340, 352, 98 S. Ct. 2380 (1978).

The Court finds Plaintiff's Production Request 3 may be relevant to the issue of disparate treatment in Plaintiff's underlying allegations. Such information may provide Plaintiff with information which "reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>See</u> <u>Hickman</u>, 329 U.S. at 501. It will allow Plaintiff to compare any differences, if any exist at all, in the City's treatment of Plaintiff as compared to the other 15 businesses. Accordingly, Defendants shall produce the information requested in Plaintiff's Production Request 3 relevant to the 15 businesses Plaintiff has listed.

### b. Undue Burden

Generally, Fed. R. Civ. P. 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. Fed. R. Civ. P. 26(b)(1). District courts, however, have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ. P. 26(b)(2). The desire to allow broad discovery is not without limits and the court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. <u>Surles v. Greyhound Lines, Inc.</u>, 474 F.3d 288, 305 (6th Cir. 2007). <u>See</u> <u>also</u> <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 406 (5th Cir. 1983) (finding scope of discovery limited only by relevance and burdensomeness). Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

This Court has considered the factors listed in the above-mentioned Rule and finds

Defendants have made a sufficient showing that compliance with Plaintiff's Production Request 5 would be excessively burdensome thus outweighing its likely benefit. Plaintiff's Production Request 5 is very broad, though Plaintiff attempts to argue she has limited the scope of her requests by asking "only for R-1 non-conforming use applications and permits over the period of four years." See Pl.'s Response, Pg. 6 (Dkt. 115). Plaintiff's scope is not limited by the number of business zoning applications Defendants must search, unlike Plaintiff's previous production request where Plaintiff sought documents from 15 specific businesses. Plaintiff's scope is also unrestricted by category other than Plaintiff's exclusion of zoning applications and permits for construction purposes. To narrow the scope, Plaintiff could have requested all R-1 non-conforming zoning applications from businesses conducting similar business to Plaintiff's. While the Court finds the non-conforming zoning applications particularly relevant to the issues at stake in the litigation, Plaintiff is not entitled to unlimited discovery. Tooley v. Napolitano, 556 F.3d 836 (D.C. Cir. 2009). Accordingly, the Court will narrow Plaintiff's Request 5 as follows: 1) Defendants shall produce documents responsive to Plaintiff's Production Request 5 for the years 2007 and 2008; 2) Defendants shall produce all non-conforming use applications, within the specified time period, for R-1 businesses that conduct business similar to Plaintiff's.

C.  Decision

Plaintiff's Motion to Compel is **DENIED** as untimely.

Defendants' Motion for Protective Order is **DENIED** as moot.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file

with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.


**IT IS SO ORDERED.**
DATED: January 12, 2011

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE