IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual and
d/b/a ROSEMONT MANOR,

        Plaintiff,

v.                                                                                         Civ. Action No. 5:09-CV-1

CITY OF WEIRTON, MARK HARRIS,
WILLIAM MILLER, ROD ROSNICK,
JIM MCHENRY, GARY DUFOUR, JOHN
YEAGER, DEWEY GUIDA, TOM VIRTUE,
BOB ARANGO, and BOB MRVOS,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL BUT DENYING ALTERNATIVE RELIEF

This matter comes before the Court on Defendants' Motion to Compel Plaintiff's Answers to the Defendants' Second Set of Written Discovery or Alternatively Motion for Leave of Court to Exceed the Limitation of Written Interrogatories filed September 28, 2010.[1] The Court held an evidentiary hearing and argument on Defendants' Motion on October 22, 2010. Plaintiff, Rosemary Susko, appeared in person, and Defendants, City of Weirton, Mark Harris, William Miller, Rod Rosnick, Jim McHenry, Gary DuFour, John Yeager, Dewey Guida, Tom Virtue, Bob Arango, and Bob Mrvos appeared by David L. Wyant and April J. Wheeler, in person. No testimony was taken nor was any other evidence adduced.

---

[1]Dkt. No. 130.

1

# I. INTRODUCTION

A.  Background

This action was filed on January 7, 2009 alleging multiple violations of Plaintiff's First and Fourteenth Amendment rights under the United States Constitution, as well as, violations of 42 U.S.C. §1983, by the Defendants. Defendants filed their Motion to Compel requesting the Court to direct Plaintiff to provide complete responses to their discovery requests.

B.  The Motion

1. Defendants' Motion to Compel Plaintiff's Answers to the Defendants' Second Set of Written Discovery or Alternatively Motion for Leave of Court to Exceed the Limitation of Written Interrogatories.[2]

C.  Decision

Defendants' Motion to Compel is **GRANTED**.

Defendants alternative Motion for Leave is hereby **DENIED** as moot.

Plaintiff is **ORDERED** to respond fully and completely to the contested discovery requests within fourteen (14) days of the date of this Memorandum Opinion and Order.

# II. PLEADINGS

1. On September 28, 2010, Defendants filed a Motion to Compel or Alternatively a Motion for Leave.[3]

2. On October 13, 2010, Plaintiff filed her Response in Opposition to Defendants' Motion.[4]

---

[2] Dkt. No. 130.

[3] Id..

[4] Dkt. No. 144.

2

3. Defendants filed their Reply to Plaintiffs' Response on October 21, 2010.[5]

4. The evidentiary hearing and argument was held on November 29, 2010.

## III. DEFENDANTS' MOTION TO COMPEL

A. Contentions of the Parties

In their Motion to Compel, Defendants request this Court to compel Plaintiff's complete responses to their discovery requests. Defendants contend that while the Federal Rules of Civil Procedure limit the number of interrogatories to 25, the additional five Interrogatories contained in Defendants' discovery requests are meant to clarify and simplify Defendants' First Set of Interrogatories "which the [P]laintiff failed to answer clearly and plainly." See Defs.' Resp. to Mot. to Compel, Pg. 1 (Dkt. 130). Defendants emphasize the Local Rules which permit forty (40) Interrogatories, including all discrete subparts. Defendants assert that they are "well within the discovery limitations in this matter." Id. Defendants propose an alternative request for relief in the form of a Motion for Leave to exceed the interrogatory limitations. Defendants contend the additional Interrogatories are necessary because of Plaintiff's "vague answers to Interrogatories and failure to file Initial Discovery Disclosures...." Id.

In opposition to Defendants' Motion, Plaintiff argues procedurally that Defendants have not complied with Local Rule 26.04(b) because "Defendants' counsel responded with a two-page letter that does not respond with detail to the specifics in the Plaintiff's letter. See Pl.'s Response, Pg. 2 (Dkt. 144). Substantively, Plaintiff contends Defendants waived their right to file a Motion to Compel by "not acting within 30 days after the discovery sought was due

---

[5] Dkt. No. 158.

pursuant to Local Rule 37.02(b)." Id. Plaintiff also argues Defendants lack the requisite good cause to compel additional discovery in excess of the limitations established by the Federal Rules of Civil Procedure. Plaintiff requests Defendants' Motion be denied.

In Defendants' Reply, Defendants argue they have complied with Local Rule 26.04(b) by written correspondence to Plaintiff dated September 20, 2010. Defendants additionally contend they have good cause to request additional discovery because Plaintiff's "answers are, at best, confusing and not directly on point." See Defs.' Reply, Pg. 2 (Dkt. 158). Defendants also address Plaintiff's waiver argument by outlining the timeline for which a Motion to Compel would still be timely. Defendants maintain their Motion to Compel is properly before the Court and requests that it be granted to resolve this discovery dispute.

B.  Discussion

   1.  **Timeliness of Defendants' Motion to Compel**

A court cannot grant a motion to compel unless it is timely filed. "A motion to compel . . . is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." LR Civ P 37.02(b). If the requesting party does not file the motion to compel within the specified time frame, "the party has waived his right to any material he may have obtained from the request, unless it can show good cause for the delay." Ayers v. Continental Cas. Co., 240 F.R.D. 216, 224 (N.D.W.Va. 2007).

The Court finds Plaintiff's waiver argument to be without merit. Defendants filed their second set of requests for interrogatories and other written discovery on August 9, 2010. See

Defs.' Reply, Exhibit B (Dkt. 158). Plaintiff filed her responses to the discovery requests on September 9, 2010. See Defs.' Reply, Exhibit C (Dkt. 158). Defendants filed the instant Motion to Compel on September 28, 2010. (Dkt. 130). Under Local Rule 37.02(b), Defendants had thirty (30) days after the discovery response was due to file their Motion to Compel. Therefore, the Court finds Defendants' Motion timely.

### 2. Non-Compliance with Local Rule 26.04(b)

LR Civ P 26.04(b) states "before filing any discovery motion, including any motion for ...a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." These requirements encourage resolving discovery disputes without judicial involvement. See Wilson v. Liberty Ins. Underwriters, Inc., 2008 U.S. Dist. LEXIS 39468, *6 (S.D.W.Va. 2008). "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." Pulsecard, Inc. v. Discover CardServs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).

Plaintiff contends Defendants have not fulfilled their duty to meet with Plaintiff in good faith to narrow the discovery dispute as required by LR Civ P 26.04(b). The Court finds Plaintiff's argument without merit. Plaintiff acknowledges Defendants letter dated September 20, 2010 but takes issue with the brevity with which Defendants' Counsel responds. The Court finds the September 20, 2010 letter sufficient to satisfy Defendants' duty under the Local Rules. Accordingly, Plaintiff's argument must fail.

### 3. Motion to Compel Analysis

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion to compel a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel. James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 695 (S.D.Fla. 2006).

Discovery is not without meets and bounds and, accordingly, is governed by the Federal and Local Rules of Civil Procedure. Pursuant to Local Rule of Civil Procedure 26.01(c)(4), "...discovery under Fed. R. Civ. P. 26(b)(2)(A) [is] limited as follows...forty (40) written interrogatories, including all discrete subparts, per party. Plaintiff argues Defendants have not shown the requisite good cause needed to compel additional discovery in excess of the numerical limit established by the Federal Rules of Civil Procedure. Defendants argue that, under the Local Rules of Civil Procedure which permit the use of forty (40) interrogatories, Defendants are within the allowable discovery requests. The Court finds Defendants are within the permissible boundaries outlined by Local Rule 26.01(c)(4). The Court declines to grant Defendants alternative request for relief because it is moot.

C. Decision

Defendants' Motion to Compel is **GRANTED**.

Defendants alternative Motion for Leave is hereby **DENIED** as moot.

Plaintiff is **ORDERED** to respond fully and completely to the contested discovery requests within fourteen (14) days of the date of this Memorandum Opinion and Order.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: January 12, 2011                              /s/ *James E. Seibert*
                                                     JAMES E. SEIBERT
                                                     UNITED STATES MAGISTRATE JUDGE